J. A. McCONNELL v. T. F. HICKS *et al.*

No. 12,546. (68 Pac. 651.)

SYLLABUS BY THE COURT.

JUDGMENT—*Jurisdiction Obtained by Fraud—Case Distinguished.* The non-resident payee and owner of a promissory note, to which its maker had a good defense, entered into a collusive agreement to confer apparent jurisdiction to enter judgment on the note upon a court in this state, located at a great distance from the residence of the maker, for the purpose of depriving the latter of the opportunity to defend. In pursuance of such agreement the payee made a colorable indorsement of the note, procured a non-resident of the state to make a colorable guaranty thereon, and caused suit to be brought thereon in said court in the name of the indorsee against the maker and such guarantor. Upon the request of the payee, a domestic summons issued to the guarantor, which the payee carried into a foreign state and there procured the guarantor to accept service thereon in such manner that the court would presume, from an inspection, that it was done in the county where suit was brought. Thereafter the payee procured a summons to be served on the maker in the county of

his residence, and upon such service judgment was rendered by default against the maker, who, at the time, was ignorant of the fraud practiced upon him, and the action as to the guarantor was dismissed. *Held*, that such judgment is collusive, fraudulent, and void for want of jurisdiction, and the enforcement of it by execution in the hands of the payee of the note will be enjoined. The case of *Hendrix v. Fuller*, 7 Kan. 331, distinguished.

Error from Rice district court; ANSEL R. CLARK, judge. Opinion filed April 5, 1902. *In banc*. Reversed.

*John D. Millikin* and *C. F. Foley*, for plaintiff in error.

*Sutton, Maher & Sutton*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: This case comes to this court to review a judgment of the district court entered against plaintiff in error upon the sustaining of demurrers to his amended petition for injunction to restrain the collection of a judgment entered against him by default in the district court of Wyandotte county, wherein one H. F. James was plaintiff, and one H. H. Walkup and plaintiff in error were defendants, which judgment was transferred to defendant in error the Plano Manufacturing Company.

The facts alleged are, that plaintiff in error, a citizen and resident of Rice county, had executed to the Plano Manufacturing Company, a foreign corporation, citizen and resident of the state of Illinois, his promissory note ; that while this note was still owned and held by the manufacturing company a settlement of the indebtedness evidenced thereby was made between McConnell and the manufacturing company, which settlement, it is alleged, constituted a

good and valid defense to the note; that the manufacturing company, James and Walkup entered into a fraudulent conspiracy for the purpose of conferring upon the district court of Wyandotte county apparent jurisdiction of the person of McConnell and the subject-matter of the action, in order to deprive McConnell, who lived at a distance of 200 miles from said court, from making his defense in said action; that in pursuance of said fraudulent conspiracy the manufacturing company made a colorable indorsement of the promissory note to said James, and procured said Walkup to make a colorable indorsement upon said note guaranteeing payment thereof; that thereupon an action was commenced in the district court of Wyandotte county wherein James was made party plaintiff and Walkup and McConnell parties defendant; that a domestic summons was procured from the clerk of said court directed to the sheriff of Wyandotte county, but that the same was not delivered to said sheriff but was carried into the state of Missouri, and, in pursuance of said scheme, Walkup, in Missouri, indorsed on said summons the following words: "State of Kansas, Wyandotte county. I hereby acknowledge due personal service of the within summons, this 30th day of September, 1897.—H. H. WALKUP"; that upon the filing of said summons with the clerk of the district court of Wyandotte county a summons was procured to be issued to the sheriff of Rice county, which summons was served on McConnell; that neither McConnell nor Walkup made any defense to said action or any appearance in the district court of Wyandotte county, and a judgment by default was entered against McConnell therein; that, at the time, McConnell did not know of the colorable and fraudulent transfers of the paper made, and fraud-

ulent acts alleged to have been committed in attempt-
ing to confer jurisdiction on said court; that thereafter
the plaintiff in said action, James, without considera-
tion, and in pursuance of the fraudulent conspiracy
to deprive McConnell of his right of defense, pretended
to transfer said judgment, so rendered, to the manu-
facturing company, which caused execution to issue
thereon, directed to the sheriff of Rice county, Hicks,
who levied on and was about to sell, at the date of the
commencement of this action, a large amount of per-
sonal property of McConnell in satisfaction of said
execution.

Upon this state of facts, counsel for plaintiff in error
make two contentions :  (1) That the judgment sought
to be enforced is void for want of jurisdiction in the
district court of Wyandotte county over the person of
plaintiff in error to render it; (2) that the judgment
is absolutely void for fraud practiced in its procure-
ment.    If either or both of these propositions, con-
sidered separately or together, are tenable, the action
of the trial court in overruling the demurrers lodged
against the amended petition was erroneous ; if not,
the judgment must be affirmed.

All the facts, well pleaded, are admitted by the de-
murrers.    From these facts, as alleged, we have no
doubt that the district court of Wyandotte county was
imposed upon to the advantage of the manufacturing
company, and rendered a judgment it would not have
rendered had McConnell known the facts now pleaded
and appeared therein and disclosed the same.    The
question here presented is, Does plaintiff in error
show himself entitled to the relief now sought
in this action?    The relief asked is equitable.    The
fraud of the company stands admitted.    Is the court
powerless to grant the relief?    This power is unques-

tioned if the judgment is void for want of jurisdiction or absolutely void on any other ground. Our code, after laying the venue in actions concerning real property in local actions, and in actions against certain corporations, non-residents, and in divorce cases, provides as follows : "Every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned." (Civil Code, § 55 ; Gen. Stat. 1901, § 4485.) The code further provides : "Where the action is rightly brought in any county according to the provisions of article 5, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request." (Civil Code, § 60 ; Gen. Stat. 1901, § 4490.) Again, "An acknowledgment on the back of the summons or the voluntary appearance of a defendant is equivalent to service." (Civil Code, § 67 ; Gen. Stat. 1901, § 4497.)

It is the general policy of the law to permit defense to be made in every action, and in every transitory action to accord the defense the exemption from litigation except in the county of habitation or residence of the defendants, except where this policy contravenes some positive statute. It is also the policy of the law to discountenance fictitious litigation and compel the prosecution of every action by the real party in interest. Under section 55, it is clear that the action in which the judgment sought to be enjoined was rendered could not have been brought against Walkup, a citizen and resident of Missouri, and absent from the state of Kansas, in the district court of Wyandotte county, for he did not reside and could not be summoned therein. The only statutory or other power that could compel plaintiff in error to submit himself to the jurisdiction of the district court of Wyandotte

county in the action is that contained in section 60 above. To meet the requirements of that statute Walkup must have resided in Wyandotte county or must have been present therein, that he might have been summoned in the action.   Neither of these statutory requirements, it is alleged, existed.   In lieu of these, to give the district court of Wyandotte county apparent jurisdiction, in pursuance of the conspiracy practiced, a domestic summons was obtained and carried into a foreign jurisdiction, and Walkup, a party to the conspiracy and action, accepted service thereon. From an inspection of this summons when filed in the district court of Wyandotte county, that court would infer the presence of Walkup within the jurisdiction of that court at the time such acknowledgment of service was made thereon ; which inference, if true, under the statute, would have conferred jurisdiction upon that court to issue summons for plaintiff in error to Rice county.   In this inference the court was justified, for it would not be presumed that a party litigant would request and obtain the issuance of a domestic summons for a party known to be a non-resident of the state, and known to be absent from the state, but it would be presumed that for such non-resident party, absent from the state, a foreign summons, such as is by law provided, would be requested and service thereof made in compliance with law.   Had such foreign summons been requested, issued, and served, it will not be contended that any personal judgment might have been entered thereon against Walkup or that any jurisdiction would have been obtained over plaintiff in error.

It is contended, however, by counsel for defendants in error, that the case of *Hendrix v. Fuller*, 7 Kan. 331, is decisive of this case.   We think not, and for two

reasons. While a careful reading of that case discloses the fact that Thompson did not reside in Douglas county, yet it fails to disclose that Thompson was not actually within the boundaries of Douglas county, and *might have been summoned* within said county at the time his attorney accepted service of the summons for him, and thus fulfilled to the letter all the requirements of section 55 of the code. Indeed, the second point in the syllabus of that case would appear so to indicate, for it is said that "where one of two defendants *in the county in which suit is brought acknowledges service on the back of the summons,* a summons for the other defendant may rightfully issue to another county."

Again, there is no intimation in that case that any fraud of any character was intended or practiced upon the defendant, non-resident of the county where the suit was brought, or upon the court in which the suit was pending; indeed, the record makes a showing quite to the contrary. If in the present case James had been in good faith the real party in interest, and Walkup had in good faith indorsed or guaranteed the note, and had been actually present in Wyandotte county at the time he acknowledged service of the summons, that he might have been summoned within the jurisdiction of the court, although he was not so summoned, and although a resident of a foreign state, the cases would be parallel. However, the cases differing in essential features, we hold that one not controlling here. We are further of the opinion that the doctrine of that case should not be extended. Nor are we of the opinion that defendants in error in this equitable action, in view of the facts admitted in the record, are in position to urge a liberal or strained construction of the above statutory provisions in their

behalf.   The cold, clammy letter of the law is all-sufficient to satisfy fully their equitable rights in the premises.

It follows that the judgment must be reversed, and case remanded with instructions to overrule the demurrers to the amended petition.

All the Justices concurring.