No. 19,294.

GEORGE BURDETT, *Appellant*, V. JOSEPH SURDEZ, *Appellee.*

### SYLLABUS BY THE COURT.

1. REPLEVIN—*Chattel-mortgaged Property—Defense—Payment by Check—Plaintiff Not Real Party in Interest—Connivance to Defraud.* In an action of replevin for the recovery of a team of mules the contention on one side was that a bank check given in payment was not good and was not accepted as payment, and on the other side that the check was received as payment in satisfaction of the debt, and, further, that the plaintiff who accepted the check had brought the action of replevin not on his own account but for the benefit of another party, and was conniving with that party to defraud the defendant. Upon the pleadings and evidence it is held that the issue of fraud was fairly in the case and that the trial court was warranted in giving an instruction to the jury on the subject.

2. SAME—*Action by Wrong Party—Fraud on Defendant.* The bringing of an action to recover personal property by one who has no interest in it at the instance of an outsider to aid him in effecting a wrong constitutes a fraud on the defendant.

Appeal from Nemaha district court; WILLIAM I. STUART, judge. Opinion filed March 6, 1915. Affirmed.

*R. M. Emery, R. M. Emery, jr.,* both of Seneca, *F. T. Woodburn, E. D. Woodburn,* both of Holton, and *A. E. Crane,* of Atchison, for the appellant.

*Abijah Wells,* and *Ira K. Wells,* both of Seneca, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: George Burdett brought this action against Joseph Surdez to recover possession of a team of mules. In his petition he alleged, substantially, that on or about May 20, 1912, C. C. Robbins executed and delivered to him a promissory note whereby Rob-

Burdett v. Surdez.

bins promised to pay to him or his order $400; that as security for the payment of the note Robbins gave a chattel mortgage on certain property, including the mules in question, providing, among other things, that should Robbins attempt to sell or dispose of the property he should become entitled to its immediate possession; and that the note is wholly unpaid except for the sum of $50. Plaintiff further alleged that Robbins had attempted to sell the property to defendant, Joseph Surdez, and he therefore asked for the possession of the mules and $50 damages for their unlawful detention and costs of this action. Joseph Surdez answered and by way of cross-petition alleged that on or about October 9, 1912, he sold a team of mules to Eugene Van Buskirk as agent of the Edgetown Livestock Company, a copartnership composed of William J., Harry and Frank Kaul, and accepted the check of the company for $350 in payment; that the mules were sold to Van Buskirk after Van Buskirk had examined them, particularly the eyes of one of them which Surdez claims he told Van Buskirk were affected with some kind of fever, who then expressed satisfaction with them; that on the same day he purchased of Robbins the team of mules involved herein and gave in payment therefor the check of the Edgetown Livestock Company; that Robbins sold the mules to him after plaintiff had been consulted and had approved the check given and accepted in payment; and that later Robbins had given to the plaintiff and he had accepted the check in satisfaction of the amount remaining due on the note and mortgage. Surdez further alleged that about two days later plaintiff endeavored to collect on the check and it was protested and not paid, the company giving as a reason that one of the mules purchased from Surdez was blind; and also that plaintiff was induced by the Edgetown Livestock Company to commence this action to accomplish a purpose of its own, that the company was paying the expense of the

litigation and was the real party in interest. Surdez therefore asked that the livestock company and Van Buskirk be made parties to the action. Plaintiff later amended his petition to include the additional parties, and they were personally summoned. The Edgetown Livestock Company moved to set aside the summons but was overruled, and neither the company nor Van Buskirk made further appearance in the action. On the trial the jury found in favor of Surdez, and, overruling plaintiff's motion for a new trial, judgment was accordingly given. Burdett appeals.

Complaint is made of instructions that were given and of the refusal of some that were requested. It is insisted that the jury should have been instructed that under the evidence and the law the plaintiff was entitled to the possession of the mules. The principal question in the case is whether the plaintiff accepted the $350 check in part payment of the note and mortgage lien he held on the Robbins' mules, the possession of which is in controversy here. There is testimony to the effect that plaintiff declared the check to be good and expressly agreed to and did accept it in payment of the note and mortgage he held against the mules. Not only that, but when the balance of the note was paid by Robbins to the plaintiff, which occurred within a few days after the sale to defendant, Robbins turned the check over to the plaintiff and he turned the note over to Robbins as paid and discharged. In response to an inquiry, plaintiff stated that he held no mortgage on the mules. There is sufficient testimony to support the finding that full payment was made of the note, and that the mortgage was satisfied and discharged.

The plaintiff complains of an instruction which referred to the subject of fraud when he insists there was no such issue raised by the answer of the defendant. In the answer it is alleged, in substance, that plaintiff was not a real party in the action, but that the Edgetown company was the real party, that the company

had procured the plaintiff to begin the action in his name in order to protect the company and to further its purpose, that the company was paying the expense of the litigation, and that the plaintiff and the company had thus connived together to defraud the defendant, Surdez. Under the code, except in certain enumerated cases, an action must be brought by the real party in interest. (Civ. Code, § 25.) If the plaintiff is not a real party under this provision or within any of the exceptions and is wrongfully prosecuting an action against the defendant at the instance of the company, which is to pay all the expense of the litigation and is to have the mules in case the plaintiff should succeed, as some of the testimony tends to show, it would constitute a fraud on the defendant. There was a sufficient basis in the pleadings and evidence for an instruction on the subject of fraud. However, the court, in two of the instructions about which complaint is made, advised the jury that to recover the defendant must not only show that the action was brought in bad faith and to aid the company in defrauding the defendant, but must also prove that the note and mortgage had been paid in full and that the mortgage lien on the mules had been discharged. In one of the instructions it was stated that if either were established by the evidence the defendant might recover. Although the defendant claimed that the plaintiff had brought the action to aid the company in defrauding him, and although the company was made a party and served with summons, it did not offer any evidence in denial of the charge of bad faith nor did it make any appearance in the case after a preliminary motion which it made had been overruled. It is argued that there could have been no fraud in the plaintiff conniving with the company or with any one else to make the defendant pay his obligations, and, further, that he could not be defrauded by bringing an action to recover the mules if the lien upon them had not been discharged. The instruction in question did not proceed on the

theory that it is a fraud to connive with others in order to make a party pay a valid obligation, but the fraud referred to is in the plaintiff prosecuting an action to obtain a judgment when he had no basis for a judgment and no cause of action against the defendant. It is not a case of a party having a cause of action entering into an illegal contract as to the manner in which it shall be instituted or maintained, but it is one where the plaintiff has no right of action and is wrongfully allowing another to use his name in order to accomplish a fraud as against the defendant. No one should be permitted to use the machinery of the law to accomplish a fraud or defeat the spirit and purpose of the code. As said in *McConnell v. Hicks,* 64 Kan. 828, 68 Pac. 651:

"It is also the policy of the law to discountenance fictitious litigation and compel the prosecution of every action by the real party in interest." (p. 832.)

The issues in the case appear to have been fairly presented to the jury, and nothing substantial is found in the objections to rulings on requested instructions. On the matter of the check the court instructed the jury that:

"The mere taking of a bank check for a debt is not a payment of the debt until cashed, nor is it an extinguishment of the obligation for which it was given, unless it is taken and accepted under an agreement between the parties that it is to be in full satisfaction of such debt, regardless of whether the check is afterwards paid or not."

There was testimony which tended to support and which justified the jury in finding that the check was accepted as payment within the meaning of this rule.

No material error is found in the record and therefore the judgment is affirmed.