No. 25,158.

MOLLY MADDEN et al., *Appellants,* v. MOLLIE GLATHART, *Appellee* (W. J. MADDEN, *Appellant*).

SYLLABUS BY THE COURT.

1. TRUST DEED—*Action to Determine Property Rights Thereunder—Proper and Necessary Parties.* In an action to determine property rights under a trust deed, the pleadings examined and held not error to bring in as an additional defendant one who appeared to be a proper and necessary party to a complete determination of the questions involved.

2. JURISDICTION—*Power of District Court Not Interrupted or Broken by Succession of Judges.* The continuing power of the district court is not interrupted or broken by succession, and allegations stricken from a pleading at one term of court may, in furtherance of justice, be reinserted at a subsequent term.

Appeal from Ellis district court; JACOB C. RUPPENTHAL, judge. Opinion filed April 5, 1924. Affirmed.

*A. D. Gilkeson,* of Hays, *Silas Porter,* and *Guy L. Hursh,* both of Topeka, for the appellants.

*E. A. Rea, E. C. Flood,* both of Hays, *T. M. Lillard, Bruce Hurd,* and *O. B. Eidson,* all of Topeka, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The action was one to determine property rights under a trust deed, and for the appointment of a new trustee to act in place of one who, it was alleged, refused to act.

It was alleged in the petition, among other things:

"That on or about the 20th day of March, 1921, one Edward F. Madden, sr., executed and delivered his certain trust deed to the plaintiffs and the defendant, Molly Glathart, as trustees for the plaintiffs and all of the defendants hereto, by the terms of which, the said Madden conveyed to said trustees certain real estate in the state of Nebraska, in the state of Texas, in the state of Colorado, in the state of Utah and in the state of Kansas, including certain interests in real estate in Ellis County, Kansas, and all personal property then owned by him, all of which is more fully set up and described in the copy of said deed which is hereto attached, marked Exhibit A and made a part hereof; . . . That, by the terms of said trust deed, the said property was to be held by the plaintiffs and by the said Molly Glathart as trustees and one-half of the income derived from said property was to be paid to the defendant, Molly Glathart, during the term of her natural life and upon her death, the balance to be divided between the plaintiffs and the defendants, Alice Madden and Susan Madden, share and share alike; . . . That the said trust deed was, on or about the 20th day of March, 1921, delivered by the said grantor, Ed. F. Madden, sr., to W. J. Madden of Hays, Kansas, the father of these plaintiffs, for and on their behalf and on behalf of all of the parties named in said deed, and was by the said W. J. Madden the same day delivered to the plaintiff Edward Madden, and was by said plaintiff placed in a vault in his father's office in Hays, Kansas, with other papers relating to said property passing under said deed, and was by him so retained for the use and benefit of all said parties and said trustees and subject to their order and was on or about the 9th day of February, 1922, by him placed of record; . . . That the defendant, Molly Glathart, has failed and refused to act as such trustee and has refused to do any acts for the protection of said property or for the benefit of the trust, with the result that it is impossible to properly manage and handle or take care of the trust property or to conduct the business growing out [of] the management thereof."

Mollie Glathart filed an answer and cross petition seeking, among other things, to have W. J. Madden made a party defendant. A motion to strike from the answer and cross petition the allegations

which sought to state a cause of action against W. J. Madden was sustained by Hon. I. T. Purcell, then judge of the district court, on November 9, 1922. Following this, Mollie Glathart, having first obtained leave, filed an amended answer and cross petition. In it she set up substantially the matter which had theretofore been stricken out, in which she alleged that W. J. Madden was a necessary party to the action and should be made a defendant. Plaintiffs moved to strike from the amended answer and cross petition all allegations as to the necessity of W. J. Madden being made a party defendant. This motion came on to be heard before the Honorable J. C. Ruppenthal, who, in the meantime, had succeeded Judge Purcell. Judge Ruppenthal overruled the motion, W. J. Madden was made a party defendant and service was had upon him. Thereafter he appeared specially and moved the court to dismiss as to him. This motion was overruled and plaintiffs and W. J. Madden appeal.

It is the contention of the appellants that under the provisions of the code a necessary party is distinguished from a proper party, that a defendant is entitled to have one not a party to the action made a defendant only when he is a necessary party, as distinguished from a proper party; that it is the absolute right of the plaintiff to join, as defendants, all persons who are proper parties, but he is only required to make such persons defendants as are necessary parties and that the plaintiff has the right, so long as no necessary party is omitted, to determine who shall be made defendants; that W. J. Madden was not a necessary party; also that the sustaining of the plaintiff's motion by Judge Purcell was an appealable order, and that inasmuch as the defendant, Mollie Glathart, failed to appeal from that order, the matter became *res adjudicata* and that she had no right thereafter to amend her answer and cross petition by inserting therein substantially the same matter that had been stricken out.

Portions of the amended answer and cross petition of Mollie Glathart which the appellants sought to strike out, read:

"The defendant further alleges that on various occasions, the dates of which this defendant is unable to give, during the illness of Edward F. Madden, sr., between the years 1915 and the date of his death, at the request and instigation of his son, W. J. Madden, E. F. Madden, sr., signed various deeds in blank and that the description of the property conveyed and the acknowledgment and other portions of the instrument were filled in subsequently by the said W. J. Madden. The defendant is unable to give the description of the

deeds so signed by Edward F. Madden, sr., but alleges that such transactions took place at various times during his illness."

"This defendant further alleges that said Edward F. Madden, sr., died intestate owning the property described in said trust deed, except the tracts and parcels hereinafter mentioned and described and that upon his death the title to said real estate passed to and was inherited by this defendant, Mollie Glathart, and her brother, W. J. Madden, as the only heirs of said Edward F. Madden, sr.,   .   .   .   This defendant denies that the following tracts included in the real estate described in the alleged trust deed belonged to Edward F. Madden, sr., or that the said Edward F. Madden, sr., had any interest in said real estate at the date of the alleged execution of said trust deed, the property herein referred to being as follows:   .   .   .   This defendant further alleges that the following described real estate which is included in the alleged trust deed described in plaintiff's amended petition, is the property of this defendant and cross-petitioner, Mollie Glathart; that she owns the same in fee simple by virtue of a conveyance to her by warranty deed from her father, Edward F. Madden, sr., executed and delivered long prior to the date of the alleged trust deed, a true copy of which warranty deed is hereto attached, marked Exhibit A, and is made a part of this cross-petition, that said Edward F. Madden, sr., had no title to or interest in said real estate at the time of his death or at the time of the execution of the alleged trust deed, the real estate referred to being the homestead of this defendant, located in Hays, Ellis County, Kansas, and described as follows:   .   .   .   This cross-petitioner further alleges that the purported trust deed, described in the plaintiffs' amended petition, constitutes a cloud upon her title to the real estate in the city of Hays, Ellis County, Kansas, last above described, and to the joint title held by her and W. J. Madden to the balance of the property described in said alleged trust deed; that W. J. Madden as the owner of an undivided half interest in the said Mercer County, Missouri, land, above described, and in the other real estate inherited from Edward F. Madden, sr., is a necessary party to this proceeding and should be joined as a defendant herein, and should be required to answer to plaintiffs' amended petition and to this cross petition."

The subject matter of the action is the title to real estate. W. J. Madden is one of the heirs of the deceased grantor. The plaintiffs in their petition invoke the jurisdiction of the court to determine the title to the real estate. Under the circumstances, if W. J. Madden is not made a party to this action he is in no way bound by the judgment to be rendered and may re-litigate the entire controversy. The plaintiffs are his children. Their rights will not be prejudiced by their father being a party to the action. Indeed it may be to their interest to have him made a party so that his rights may be determined.

Sections of the statute read:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a

complete determination or settlement of the question involved therein." (R. S. 60-411.)

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; it may determine the ultimate rights of the parties on either side, as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled." (R. S. 60-3102.)

"The distinction between actions at law and suits in equity, and the forms of all such actions and suits heretofore existing, are abolished, and in their place there shall be hereafter but one form of action, which shall be called a civil action." (R. S. 60-201.)

In the early case of *Kimball et al. v. Connors, Starks et al.*, 3 Kan. 414, 430, it was said in substance: The spirit of the code requires that so far as possible all controversies concerning a particular subject matter shall be concluded in one proceeding, and it is made the duty of the court to have all appearing to be interested therein made parties, to the end that their rights may be adjudicated. All parties in interest being present, the power of the court to render such judgment as the facts may require, under the pleading, is plenary. The old systems of practice are by the code abolished; it furnishes facilities in the 'civil action' for all that could be accomplished by the former system. A decree or a judgment or a compound of both may be rendered therein.

In *Martin v. Martin*, 44 Kan. 295, 24 Pac. 418, it was said:

"In an action to forfeit an estate in certain land, where the court has acquired jurisdiction to hear the case, it may adjudicate and pass upon all of the real and substantial rights of the parties connected with the subject-matter of the litigation in order to avoid a multiplicity of suits."

It cannot be said to have been reversible error for the court to overrule the motion of the plaintiffs or that of W. J. Madden.

"Any error or defect in the pleadings or proceedings which do not affect the substantial rights of the adverse party must be disregarded; and no judgment or order shall be reversed or affected by reason of such error or defect." (R. S. 60-760.)

The statute authorizes the defendant to set forth any counterclaim "arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim *or connected with the subject of the action.*" (R. S. 60-711.)

The court is not here passing upon the validity of a will. The practical effect of the trust deed, however, if made effective, would be similar to that of a will. The trust deed contemplates a disposition of the grantor's property, both real and personal. It is a salu-

tary rule that, in suits involving the validity of a will, the heirs who would inherit the property, if the will be invalid, are not only proper but necessary parties. Under all the circumstances the same rule may very properly apply here.

"As a general rule all persons interested in the will should be made parties to a suit for its establishment. Thus the legatees and devisees are generally parties on one side and the heirs of the testator on the other. The rule requiring the heirs to be made a party is very strict, and will not ordinarily be disregarded." (40 Cyc. 1260.)

"Parties directly interested under a will are proper parties to an action concerning it. An executor, or administrator with the will annexed, is a proper party; and it is also proper to join as defendants, persons who have purchased land from the devisees. So heirs refusing to join as plaintiffs may be made defendants. And a person who is charged with having fraudulently procured the execution of a will in favor of an infant is a proper party to an action to set the will aside." (40 Cyc. 1261.)

"All persons who may be injuriously affected by the judgment or decree sought should be made defendants. Thus the beneficiaries in the will, heirs at law and next of kin, as well as the executor, if he has qualified as such, are usually deemed necessary parties." (40 Cyc. 1262.)

The petition challenged the defendant Mollie Glathart to set up her claims to the real estate involved and to have such claims adjudicated. We are inclined to the opinion that W. J. Madden is both a proper and a necessary party to a full determination of the issues.

The contention that the action of Judge Purcell in striking from the answer and cross-petition certain allegations and that his successor was without power to permit them to be reinserted is without substantial merit. The power of the court is a continuing power, not interrupted or broken by change of persons occupying the judicial office. (*Barrett v. Duff,* 114 Kan. 220.) It was within the power of the court on further consideration to permit amendment of a pleading containing allegations substantially like those previously stricken out when done in furtherance of justice. Other questions urged in the briefs need not be discussed.

The judgment is affirmed.