No. 26,590.

W. E. Brown, *Appellant*, v. The International Indemnity Company, *Appellee*.

SYLLABUS BY THE COURT.

INSURANCE—*Action on Policy—Losses Not Indemnified Against.* There can be no recovery upon an insurance policy unless the loss complained of is one which was indemnified against by the terms of the policy.

Appeal from Thomas district court; Charles I. Sparks, judge. Opinion filed July 10, 1926. Affirmed.

*E. F. Beckner,* of Colby, and *J. H. Jenson,* of Oakley, for the appellant.

*T. F. Doran, C. E. Kline,* both of Topeka, and *E. H. Benson,* of Colby, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action on an insurance policy against theft of an automobile. Mr. James Stewart owned an automobile and took out insurance on it in the sum of $500 against theft. A few months later he planned to go to Colorado to be gone two months. He left his automobile with W. E. Brown, a garage man

Motor Vehicles, 28 Cyc. p. 50 n. 59.

Brown v. International Indemnity Co.

and Chevrolet agent, under the agreement that Brown might sell it and retain all he could get for it above $433, and in the event Brown did not sell it if Stewart desired to do so he could trade it in on a new Chevrolet at a credit of $450. While Stewart was gone a man giving his name as Arthur Jones came to Brown's garage and talked of buying a car. Brown priced this car to him at $450. Jones said he represented a cattle company and wanted to do some driving in that neighborhood and would like to try the car out for a few days. Brown agreed he could use it if he would return it to the garage each night, and if he did not buy it, to pay $8 per day for the use of it. Jones drove the car away. That evening he called up from another town and said it did not suit his plans to return to the garage that night, and got permission not to do so. That was the last heard of Jones or the car. Brown reported the loss to the agent of the insurance company, who notified the company, and liability was denied. When Stewart returned he took no step to recover on the insurance policy, but insisted that Brown reimburse him for the car. He finally made a settlement with Brown by which he received $320 in payment of his car, and assigned the insurance policy to Brown. Brown sued on the policy. The trial court sustained a demurrer to his evidence, and he has appealed.

Considering the provisions of the insurance policy and the record before us there are several reasons for upholding the judgment of the court below. It will be necessary to mention but one of them. The policy contained the provision, among others, that the insurance company would not be liable for loss which might occur while the automobile insured was being rented under contract or lease. The loss did occur while the automobile was being used under a contract of rental or lease. Hence, there can be no recovery. It is essential, of course, to a recovery upon any insurance policy that the loss be one which is indemnified against by the terms of the policy. Here the loss occurred under circumstances which were not indemnified against by the terms of the policy.

The judgment of the court below is affirmed.