No. 32,476

THE COMMERCIAL CREDIT COMPANY, *Appellee*, v. (G. E. BROWN, *Appellee*) W. H. IMES, *Appellant*.

(53 P. 2d 865)

Opinion filed January 25, 1936.

*Frank H. McFarland,* of Topeka, for the appellant.

*B. J. Lempenau,* of Topeka, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This action was commenced as one in replevin by the Commercial Credit Company, assignee of a note and chattel mortgage, to recover possession of a certain truck from the defendant, Brown, appellee here. It has expanded into an action for damages on the ground of fraud between Brown, the purchaser, and Imes, the retailer of the truck. Brown recovered the value of his old truck, which he had exchanged for the truck in controversy, and the costs of certain repairs on the truck he obtained from Imes in the deal. From that judgment Imes appealed.

The necessary facts will be treated under respective specifications of error.

Appellant first contends the trial court erred in making Imes a party defendant in response to the motion of appellee Brown. The substance of the motion was that the note and chattel mortgage attached as exhibits to plaintiff's petition show that the truck was bought from one W. H. Imes; that the note and chattel mortgage were pretended to have been transferred to the plaintiff; that defendant Brown has a defense to the whole of said note on account of misrepresentation and fraud practiced on him by Imes, and in order that all matters involved in the transaction be adjudicated and settled Imes is a necessary party to the action.

In view of this motion Imes at least appeared to be a proper and necessary party. R. S. 60-411 reads:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

It is not error to bring in an additional party defendant who appears to be a proper and necessary party to a complete determination of the questions involved. (*Madden v. Glathart,* 115 Kan. 796, 224 Pac. 910.) In fact, it is the duty of the trial court to have all appearing to be interested made parties. (*Kimball et al. v. Connor et al.,* 3 Kan. 414, 430.)

Brown, appellee, filed an answer and cross petition. The pertinent

portions thereof are, in substance: A specific denial that plaintiff is the owner and holder in due course of the note and mortgage, and a denial of Brown's indebtedness thereon to plaintiff in any sum; the note and mortgage were void because no consideration was given therefor; Imes is in fact and in truth the owner of each of them; defendant believes that plaintiff and Imes planned and engaged in a fraudulent scheme to cheat and defraud him (Brown) and that plaintiff attempts to escape such fraud and deception under the claim of being an innocent purchaser for value; plaintiff had knowledge the note and mortgage were obtained by fraud, and by the exercise of ordinary care could have ascertained all the facts concerning the fraud. The answer of appellee then narrated the alleged fraudulent misrepresentations concerning the truck, made by Imes, his agents and representatives.

Imes filed an answer to Brown's cross petition alleging the execution and delivery of a contract in writing (no copy of a written contract, however, appears in the record), denied all representations other than those contained in the written agreement, denied entering into any agreement with plaintiff to cheat, wrong or defraud the defendant, Brown, alleged that Brown purchased the truck after a full and exhaustive examination of the truck, and after he had driven the same for the purpose of satisfying himself concerning the truck, and that Brown expressed himself as fully satisfied with the condition and performance thereof before he entered into the purchase agreement. Imes denied all matters not specifically admitted. Plaintiff filed its reply to the answer and its answer to the cross petition of defendant, Brown, denying generally the allegations of new matter contained therein.

Under the issues thus joined Imes no longer only appeared to be, but clearly was, a necessary party defendant for a complete determination or settlement of the questions involved. It was not only proper but necessary that he be made a party defendant. (R. S. 60-411.) In the case of *Kimball et al. v. Connor et al.*, 3 Kan. 414, 430, it was said in substance: The spirit of the code requires that so far as possible all controversies concerning a particular subject matter shall be concluded in one proceeding, and it is made the duty of the court to have all appearing to be interested therein made parties, to the end that their rights may be adjudicated. All parties in interest being present, the power of the court to render

such judgment as the facts may require, under the pleading, is plenary. The old systems of practice are by the code abolished; it furnishes facilities in the "civil action" for all that could be accomplished by the former system. A decree or a judgment or a compound of both may be rendered therein. (See, also, *Madden v. Glathhart*, 115 Kan. 796, 800, 224 Pac. 910; *Wohlfort v. Wohlfort*, 123 Kan. 142, 148, 254 Pac. 334; *Thiessen v. Weber*, 128 Kan. 556, 560, 278 Pac. 770; *Braden v. Neal*, 132 Kan. 387, 390, 295 Pac. 678.)

The evidence of plaintiff disclosed the note had been repurchased by Imes after the commencement of the suit. Imes was therefore the real party in interest. Brown demurred to the evidence and moved the action be dismissed as to plaintiff. The demurrer was sustained and the motion to dismiss was overruled. Appellant Imes moved to be substituted for the original plaintiff insofar as the possession of the note and mortgage was concerned. Imes was a proper and necessary party defendant. Had there been any question concerning this subject, it was waived by appellant's motion for substitution. Imes was permitted to file a bond as required by law from plaintiff in a replevin action. The trial proceeded upon the issues joined by Imes, as the owner and holder of the note and mortgage, and the answer of the defendant, Brown, which charged fraud in the procurement of the note and mortgage and Brown's old truck.

The gist of appellant's complaint relating to making Imes a party defendant is that Brown was thereby enabled to plead and prove fraud as a defense. Appellant insists the note was negotiable and the trial court erred in holding it nonnegotiable. In the view we take of the case it is immaterial whether the note was or was not negotiable. Whether the assignment to the original plaintiff was genuine or not, the fact remains the note and mortgage were returned to Imes after plaintiff commenced the action. At the time of trial Imes was the owner and legal holder thereof and the real party in interest.

Appellant next contends in a replevin suit the rights of plaintiff are fixed at the time of commencement of the action. (*Ketcham v. Commission Co.*, 57 Kan. 771, 48 Pac. 29; *Bohart v. Buckingham*, 62 Kan. 658, 64 Pac. 627; *Bartlett v. Bank*, 70 Kan. 126, 78 Pac. 414; *Bank v. Hicklin*, 100 Kan. 301, 164 Pac. 257.) True, in a replevin suit the right to bring the action is the only issue in the first instance. (*Bartlett v. Bank*, supra.)

"It is axiomatic that a plaintiff in a court of law, in order to maintain his suit, must have the legal title to the chose in action at the time he institutes his suit." (47 C. J. 23.)

In the Bartlett case cited by appellant this court said:

"We are not now deciding that the defendants' counterclaim set out no cause of action against the plaintiff, but we do decide that it contained no defense to plaintiff's right of recovery in this action of replevin." (p. 131.)

In the instant case Brown's averments of fraud, if true, vitiated the contract *ab initio* and therefore constituted an absolute defense to the note and mortgage in the hands of Imes, the original payee. Assuming Imes assigned the note and mortgage to plaintiff in good faith, that fact would not rob Brown of his defense of fraud against Imes when the note and mortgage at the time of trial were in the hands of Imes, as owner.

The pertinent portion of R. S. 60-401 provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 27, . . ."

Section 27 of the code referred to in R. S. 60-401 is not applicable here.

In support of appellant's contention that Imes was not a necessary party defendant, our attention is called to the following provision contained in R. S. 60-415:

"In case of any other transfer of interest, the action may be continued in the name of the original party, or the court or judge may allow the person to whom the transfer is made to be substituted in the action."

Assuming the above statute applies, appellant is in no position to complain. The trial court did not permit the action to abate. It sustained the demurrer to plaintiff's evidence, overruled Brown's motion to dismiss plaintiff's action, and substituted Imes as the real party in interest. Furthermore, appellant himself requested the substitution. He then proceeded to file the necessary bond required by law of plaintiff in a replevin action.

Appellant cites 5 C. J. 1006 in support of the contention that an assignment *pendente lite* does not render the assignee a necessary party. There are situations where that is true, but in the instant case Imes was a necessary party in order to enable the court to do justice by all parties concerned and in order to avoid multiplicity of suits.

In the early case of *Campbell v. Quinton,* 4 Kan. App. 317, 45

Pac. 914, the principle of adjusting in a replevin action the rights of all parties was clearly stated thus:

"In actions of replevin, where the property and the parties are before the court, the court should as far as possible adjust all equities which arise between the parties respecting the disposition of the property, determine all matters between them in relation to or growing out of the property, and should hear all testimony respecting the ownership or right of possession thereto, so as to render such judgment as shall do justice between the parties, not only as to the ownership or right of possession *at the commencement of the action,* but that the property may be disposed of by the judgment of the court so as to do no injustice to either party. (*City of Bath v. Miller,* 53 Me. 316.)" (p. 322.) (Italics inserted.)

In the case of *Bartlett v. Bank,* supra, this court distinguished between the facts in that case and those in the case of *Deford v. Hutchison,* 45 Kan. 318, 25 Pac. 641, and said:

"We are also cited to the case of *Deford v. Hutchison,* 45 Kan. 318, 25 Pac. 641, 11 L. R. A. 257, as holding the doctrine that a counterclaim in the nature of the one here pleaded may be availed of by a defendant. This claim is not borne out by the facts of that case. It was there sought by the defendant in possession to defeat plaintiff's right of recovery by showing that subsequently to the execution of the mortgage the plaintiff had agreed to purchase the mortgaged property, and thus extinguish the debt. Of course, this claim went directly to the plaintiff's right of recovery, for if there was no debt there was no such right." (p. 131.)

In the instant case Brown's claim went directly to plaintiff's right of recovery. Brown owed plaintiff no debt, hence plaintiff had no right of recovery. Imes owned the note and mortgage. In his attempt to enforce his rights thereunder, Brown had whatever defenses the law afforded him, one of which was alleged fraud in the procurement of the note and mortgage and his old truck.

To have permitted plaintiff to continue the prosecution of this action in replevin because it appeared to be the real party in interest at the commencement of the suit, when in fact Imes was the real party in interest at the time of the trial, would clearly defeat the purpose of the code. At the time of trial Imes was the real plaintiff. In the case of *Burdett v. Surdez,* 94 Kan. 494, 146 Pac. 1025, this court said:

"It is not a case of a party having a cause of action entering into an illegal contract as to the manner in which it shall be instituted or maintained, but it is one where the plaintiff has no right of action and is wrongfully allowing another to use his name in order to accomplish a fraud as against the defendant. No one should be permitted to use the machinery of the law to ac-

complish a fraud or defeat the spirit and purpose of the code. As said in *McConnell v. Hicks*, 64 Kan. 828, 68 Pac. 651: 'It is also the policy of the law to discountenance fictitious litigation and compel the prosecution of every action by the real party in interest.'" (p. 498.)

See, also, *Brown v. International Indemnity Co.*, 121 Kan. 406, 407, 247 Pac. 432.

Appellant also contends it was error to dismiss the case as to plaintiff, the Commercial Credit Company. The record before us fails to disclose such dismissal. The action was not permitted to abate. The record indicates the court sustained the demurrer of defendant, Brown, to plaintiff's evidence, overruled the motion to dismiss the action as to plaintiff, substituted defendant Imes for the original plaintiff, and that such substitution was requested by appellant.

Appellant next urges the dismissal of the action as to plaintiff and the making of Imes a party defendant placed him in an unfavorable light before the jury and was highly prejudicial. As previously stated, the action was not dismissed as to plaintiff, and Imes was properly made a party defendant. If any prejudice resulted from this procedure it did not emanate from improper rulings of the trial court, but inhered in the issues joined by the pleadings.

It is finally earnestly contended the jury was not justified under the facts in finding fraud in the sale of the truck, and that the verdict is the result of prejudice.

Nothing is called to our attention which would justify reversal on the ground of prejudice of the jury. The jury determined the weight of the evidence and the credibility of the witnesses. No useful purpose can be served by a review of the evidence. It has been carefully examined. There is competent substantial evidence to support the verdict and we are not permitted to disturb it. The judgment must therefore be affirmed. It is so ordered.