No. 38,920

SECURITIES ACCEPTANCE CORPORATION, a Corporation, *Appellee,* v. TERRY H. HANSFORD, *Appellant,* and THE SCHOONOVER MOTORS, INC., a Corporation, *Appellee.*

(257 P. 2d 173)

454

*John M. Williams* and *W. K. Thompson*, both of Topeka, argued the cause and were on the briefs for the appellant.

*Willard N. Van Slyck, Jr.*, of Topeka, argued the cause, and *Clayton E. Kline, M. F. Cosgrove* and *Robert E. Russell*, all of Topeka, were with him on the briefs for the appellee, Securities Acceptance Corporation.

*Jacob A. Dickinson*, of Topeka, argued the cause for the appellee, The Schoonover Motors, Inc.

The opinion of the court was delivered by

PRICE, J.: This is a replevin action brought by Securities Acceptance Corporation, a corporation, to recover possession of a 1951 Mercury automobile, or the claimed value thereof, based upon the alleged default by defendant owner of the terms of a chattel mortgage executed by defendant to Schoonover Motors, Inc., a corporation, (hereinafter referred to as Schoonover) and assigned to plaintiff.

The petition, omitting formal parts, alleges that plaintiff has a special ownership and interest in the described automobile under and by virtue of a purchase-money chattel mortgage executed and delivered by defendant to Schoonover under date of September 13, 1951, to secure certain indebtedness from defendant to Schoonover; that on said date the chattel mortgage was assigned to plaintiff for a good and valuable consideration; that it was duly filed for record by plaintiff on September 24, 1951, and remains outstanding and unreleased of record; that the conditions of said mortgage have been broken by defendant in that he has defaulted in payment of monthly instalments agreed by him to be made to plaintiff as mortgagee by assignment; that accordingly the plaintiff deems itself insecure; that the indebtedness is evidenced by a written promissory note in the amount of $2,145.85 under date of September 13, 1951, executed and delivered on that date by defendant to Schoonover, and that plaintiff is the owner and holder of such note and of the debt evidenced thereby by written endorsement and assignment from Schoonover for good and valuable consideration.

The petition further alleges that the automobile is wrongfully detained from plaintiff by defendant; that demand has been made on defendant for the delivery of the same not later than a specified

date, but that defendant has refused, and still refuses, to surrender possession of the same to plaintiff. Then follow certain other allegations not here material, and the prayer is for judgment against defendant for the possession of the automobile or for the value thereof in case delivery cannot be had, and for costs and such other and further relief as may be just and equitable.

Attached to the petition are copies of the chattel mortgage and promissory note, including the assignment and endorsement of the same by Schoonover to plaintiff. Among other things, the assignment of the mortgage states that Schoonover

"had good title to the within described property when sold to Purchaser, and agrees that if any warranty herein is breached, undersigned [Schoonover] will repurchase the within mortgage and note secured thereby, on demand, for the unpaid balance due thereon, or be liable on said note as an endorser with recourse, at your [plaintiff's] election."

The endorsement by Schoonover to plaintiff on the note states that it is without recourse.

To this petition defendant filed a motion to make Schoonover an additional party defendant, alleging:

"This is an action to recover the possession of a Mercury motor car or its value sold to this defendant free and clear of any encumbrance by the Schoonover Motors, Incorporated, of Topeka, Kansas. That this defendant has a complete defense to said alleged note and chattel mortgage, on account of the misrepresentations and fraud practiced upon him by the Schoonover Motors, Inc., and the said Schoonover Motors, Inc., is a necessary party to the determination of the rights of all parties interested in the subject of the action and is a necessary party for a full and complete determination of the matter in controversy."

This motion was sustained by the court on the authority of *Commercial Credit Co. v. Brown*, 143 Kan. 65, 53 P. 2d 865, and Schoonover was made an additional party defendant.

Defendant then filed a verified answer and cross-petition. The answer specifically denies that he executed and delivered the chattel mortgage and promissory note sued on by plaintiff; specifically denies that plaintiff is the owner and holder in due course of the note and chattel mortgage for a valuable consideration; denies that he is indebted to plaintiff or to Schoonover in any amount, and further denies all other allegations of the petition except that the chattel mortgage may have been recorded as alleged.

The cross-petition alleges:

"4. Terry H. Hansford, defendant, for his cross petition against the Schoonover Motors, Inc., a corporation alleges and states: That the Schoonover

Motors, Inc., is a Kansas corporation, conducting a motor car sales agency of Mercury motor cars on West 6th. Street in Topeka, Kansas, with a resident agent of Jacob A. Dickinson of Topeka, Kansas; and that the Securities Acceptance Corporation, plaintiff herein, is the financial agent of and handles the commercial paper, notes chattel mortgages of the Schoonover Motors, Inc., a corporation, defendant herein.

"5. That defendant, Terry H. Hansford, was the owner of a 1950 Mercury motor car which he had purchased from the Schoonover Motors, Inc., defendant, for $2,585.29 with a cash down payment of $885.29, leaving a balance due of $1,700.00 evidenced by a note and chattel mortgage endorsed and assigned by the Schoonover Motors, Inc., to the plaintiff herein for collection, and upon which this defendant paid in monthly installments to the plaintiff the sum of $1,067.04, leaving a balance due on the 1950 Mercury in the sum of $632.96, less the sum of $110.00 being the cost price of an over-drive which was never installed on the 1950 Mercury, but was included and charged to this defendant in the original price of $2,585.29, leaving a balance due on said note and chattel mortgage of $522.96.

"6. That on or about the 13th day of September, 1951, the duly authorized and acting sales agent, Robert Hawks of the Schoonover Motors, Inc., defendant, at its motor car sales room on West 6th. Street, Topeka, Kansas, told and stated to this defendant, Terry H. Hansford, that if his son Richard Hansford would pay to the Schoonover Motors, Inc., the sum of $400.00 in cash, and execute and deliver to the Schoonover Motors, Inc., his, Richard Hansford's note and chattel mortgage on the 1950 Mercury, then owned by Terry H. Hansford, defendant, for the sum of $1,865.00 with his father Terry H. Hansford, as guarantor on said chattel mortgage to be executed upon the 1950 Mercury, that the Schoonover Motors, Inc., defendant, then would deliver free and clear of any indebtedness the 1951 Mercury alleged and described in plaintiff's petition.

"7. That this defendant relying upon said statements made by Robert Hawks, agent, as being the truth signed over the title to his 1950 Mercury, parted with the possession thereof, and signed as guarantor the chattel mortgage executed and delivered by his son, Richard Hansford, to the Schoonover Motors, Inc., defendant, for the sum of $1,865.00 and received from the Schoonover Motors, Inc., the 1951 Mercury described in plaintiff's petition free, clear and unencumbered of any liens or indebtedness as so stated by Robert Hawks, agent for the Schoonover Motors, Inc., and relied upon by this defendant, Terry H. Hansford.

"8. That said statements were false and untrue and uttered and made by said Robert Hawks for the purpose of deceiving and defrauding this defendant of his 1950 Mercury. And if the note and chattel mortgage alleged are found to have been executed by this defendant, which he denies, then said signatures were obtained by the fraudulent statements above alleged by the said Hawks for and in behalf of the Schoonover Motors, Inc., and the Securities Acceptance Corporation, plaintiff, the financial agent of the Schoonover Motors, Inc., and the alleged purchaser of the note and chattel mortgage set up in the petition. That the plaintiff knew or should have known of the fraud above set out practiced upon this defendant. That plaintiff did not pay any consideration for said note and chattel mortgage the same being transferred and assigned

to the plaintiff to avoid any claims between this defendant and the Schoonover Motors, Inc. That the plaintiff is the collecting agency for the Schoonover Motors, Inc., and this defendant believes that this transaction was planned and engaged in as a scheme to cheat and defraud this defendant of his 1950 Mercury; and that the true owner of said alleged securities is the Schoonover Motors, Inc., and that the transfer of this commercial paper to the plaintiff was a mere device and scheme, so that the plaintiff herein, can appear as an innocent purchaser for value, when such is not the fact, and engaged in for the purpose of defrauding this defendant.

"WHEREFORE: This defendant, Terry H. Hansford, prays that plaintiff take nothing by virtue of its petition and in the event plaintiff should recover against this defendant; then that this defendant have and recover of the Schoonover Motors, Inc., a corporation, the value of said 1951 Mercury motor car, and for his costs herein expended."

Plaintiff then filed a motion to strike the cross-petition, including that portion of the prayer thereof commencing with the words "and in the event" and ending with the words "Mercury motor car," for the reasons that the cross-petition shows on its face no relief is sought as against plaintiff; that under its allegations no relief could be granted until after plaintiff's cause of action against defendant is finally determined; that its allegations do not constitute a defense to plaintiff's cause of action against defendant, such allegations merely being an attempt to inject collateral matters into plaintiff's action; that such cross-petition constitutes misjoinder and is mere surplusage; that the injection of such collateral matters therein sought to be raised in the trial of plaintiff's replevin action will occasion unnecessary confusion and multiplicity of issues to the prejudice of plaintiff; that purported grievances set forth therein by defendant should more properly be made the subject of a separate action by defendant against Schoonover after plaintiff's replevin action has been finally adjudicated, and that if the cross-petition not be striken any judgment of the court upon the entire case, including such cross-petition, would of necessity be broader than the scope of a judgment in replevin prescribed by G. S. 1949, 60-1010.

The additional defendant, Schoonover, also filed a motion to strike the cross-petition and to dismiss the action as against it (Schoonover) on the ground the cross-petition is improperly joined with plaintiff's action; that no cause of action or controversy exists between plaintiff and Schoonover, and that Schoonover has no interest in the controversy between plaintiff and defendant. This motion also contained a specific denial by Schoonover of all the allegations of paragraph 8 of the cross-petition.

Prior to this stage of the proceeding plaintiff had not filed an affidavit for replevin and the required bond therefor, but shortly thereafter did so and the court issued an order directing the sheriff to seize the automobile in question and to deliver it to plaintiff. This was done. Defendant filed no redelivery bond.

Defendant then filed a motion to vacate the replevin order for the reason that it was issued and seizure was made subsequent to the answer date in plaintiff's action, all of which is alleged to be in violation of G. S. 1949, 60-1001.

Following a hearing thereon the court sustained Schoonover's motion to strike defendant's cross-petition and dismissed the action as to it, Schoonover. It also sustained plaintiff's motion to strike those portions of the cross-petition referred to in plaintiff's motion. Defendant's motion to vacate the replevin order was overruled.

Defendant has appealed and alleges error by the court in its ruling on each of the aforementioned motions.

In this court plaintiff concedes that it is primarily concerned with upholding the order sustaining its motion to strike defendant's cross-petition and the order overruling defendant's motion to vacate the replevin order.

Schoonover has filed no brief in support of the order sustaining its motion to strike the cross-petition and to dismiss the action as against it, but at the oral argument counsel for it (Schoonover) stated that it adopted plaintiff's brief in support of its position.

At the outset we are confronted with plaintiff's motion and contention that the appeal should be dismissed.

With respect to that part of the appeal from the order overruling defendant's motion to vacate the replevin order the motion to dismiss is sustained.

G. S. 1949, 60-3302, provides, among other things, that this court may reverse, vacate or modify a final order, or an order that discharges, vacates or modifies a provisional remedy. The order for replevin was a provisional remedy within the meaning of the statute. The ruling appealed from did *not* discharge, vacate or modify the order. It *refused* to vacate the order. Defendant's obvious remedy was under G. S. 1949, 60-1007, providing for a redelivery bond. Had the court made an order discharging, vacating or modifying the replevin order, plaintiff, under the provisions of the statute, could have appealed. However, that is not this case, and the ruling of the court *denying* the motion to vacate the replevin order is not an appealable order. That portion of the appeal is therefore dis-

missed. On the general question see *Marsol Credit Co. v. Blacker,* 144 Kan. 632, 62 P. 2d 914, and cases cited therein.

We are of the opinion, however, that plaintiff's motion to dismiss the remaining portion of the appeal with which it is primarily concerned cannot be sustained. Our reasons for so holding will be developed in the discussion of the appeal on its merits.

The gist of plaintiff's contention is that the allegations of the cross-petition are directed against Schoonover, not plaintiff; that the cross-petition seeks no affirmative relief against plaintiff, and that, assuming the allegations therein contained to be true, the fact remains they are not pleaded as a defense to plaintiff's petition but are pleaded solely as a basis for claimed contingent affirmative relief against the additional defendant, Schoonover. Plaintiff concedes, however, that the matter contained in the cross-petition, insofar as it is of any defensive significance in the replevin action proper, would be admissible under the issues raised by the allegations of the petition and defendant's verified general denial thereto, but argues that as the allegations of the cross-petition are redundant and irrelevant to the object of the action in that they are not directed against plaintiff, the motion to strike is not to be regarded as a demurrer, and therefore the order sustaining it is not an appealable order but rather is a ruling resting in the sound discretion of the trial court.

In support of the order striking the cross-petition plaintiff relies on the recent case of *Poteet v. Simmons,* 171 Kan. 86, 229 P. 2d 747, in which it was held:

"In an action in replevin brought by plaintiffs against a single defendant to try title to an automobile, where issues are joined between such parties as to the ownership and right to possession of said automobile, the defendant may not, on his application to the court, join a third person as a party defendant in the action where plaintiffs' petition states no cause of action against the third person and defendant's cross-petition filed against such third person seeks only to recover against such third person whatever damages he might sustain by reason of plaintiff's prevailing against him in the action in replevin." (Syl.)

We concede that a literal reading of the quoted rule would appear to be conclusive on the question before us and would seem to compel an affirmance of the order striking the cross-petition. But, as is so often the case, it is the application of a rule to the facts of a given case that is of prime importance. In the Poteet case, *supra,* defendant's cross-petition, in which he sought judgment against the third party codefendant in the event plaintiffs

prevailed in their suit against him (defendant), injected issues concerning a series of transactions by the third party in which plaintiffs had no interest whatsoever. In other words, as was said on page 90 of the opinion, the cause of action set out in the cross-petition was entirely unrelated to plaintiffs' cause of action to try title and right to possession of the automobile. We do not consider the holding in that case to be controlling under the facts here present.

Defendant's answer specifically denies that he executed and delivered the chattel mortgage and note sued upon to Schoonover; denies that plaintiff is the owner and holder in due course of the note and mortgage for a valuable consideration, and further denies that he is indebted to plaintiff or Schoonover in any amount whatsoever. The cross-petition, among other things, alleges that if the note and mortgage are found to have been executed by defendant, which he denies, his signatures were obtained by virtue of certain fraudulent statements on the part of Hawks, acting for and in behalf of Schoonover *and* plaintiff, the financial agent of Schoonover, and that plaintiff knew or should have known of such fraud. Other allegations of the cross-petition, all of which are quoted, *supra*, are to the effect the whole transaction was the result of a scheme to cheat and defraud defendant, and that the transfer of the alleged note and mortgage to plaintiff was made in furtherance of such fraud.

It is obvious that all matters pleaded grew out of related transactions—the dealings between defendant and Schoonover, alleged fraud on the part of Schoonover with knowledge and connivance on the part of plaintiff, and the assignment of the note and mortgage to plaintiff in furtherance of the alleged fraud. As a practical matter all of the transactions are tied in together. None has been pointed out, and we know of no practical insurmountable difficulties in the way of determining, in this one action, all of the rights of these parties growing out of the transactions involved. We fail to see where prejudice could result to any of the parties. It is true that the prayer of the cross-petition, which in a technical sense is no part of it, might have been drawn more artfully, but we are unable to agree with the contention that the allegations of the cross-petition are in no way defensive to plaintiff's cause of action. For the reasons stated, it was error to sustain Schoonover's motion to strike the cross-petition and to dismiss the action as to it. It also

was error to sustain plaintiff's motion to strike those portions of the cross-petition referred to.

It therefore follows that defendant's appeal from the order refusing to vacate the replevin order is dismissed, and as to the remainder of the appeal the orders of the lower court are reversed.