No. 23,349

MARTHA EVANS, *Appellee*, v. LORETTA EVANS and JOHN AN-
DERSON, as Administrator of the Estate of WILLIAM E.
EVANS, Deceased, *Appellants*.

### SYLLABUS BY THE COURT.

1. REFUSAL TO PROBATE WILL—*Jurisdiction of District Court—Issues that
   May Be Determined.* Sections 1 and 2 of chapter 336 of the Laws of
   1917 interpreted, and *held*, the issues of due execution of a will, testa-
   mentary capacity of the testator, and his freedom from restraint, may
   be conclusively determined in an action commenced in the district
   court to contest an order of the probate court refusing probate of the
   will.

2. SAME—*Assignments of Error Without Substantial Merit.* Assign-
   ments of error relating to an instruction given the jury, and the suf-
   ficiency of the evidence to sustain the findings of fact, considered,
   and held to be without substantial merit.

Appeal from Reno district court; FRANK F. PRIGG, judge.
Opinion filed October 8, 1921. Affirmed.

*C. M. Williams, E. T. Foote,* and *D. C. Martindell*, all of
Hutchinson, for the appellants.

*Frank L. Martin, John M. Martin,* and *James N. Farley*, all
of Hutchinson, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to contest an order of the
probate court refusing to probate a will. The plaintiff pre-
vailed, and the defendants appeal.

The petition alleged that the will was duly executed, and
that the testator was of full age, of sound mind, and not under
any restraint. The answer pleaded that the testator lacked
testamentary capacity, and that he was unduly influenced to
make the will, the facts being stated in detail. The issues thus
raised were fully canvassed. The court took the advice of a
jury, which returned the following findings of fact:

"Q. No. 1. Did the deceased have sufficient mental capacity to make
a will at the time the instrument purporting to be his will was exe-
cuted? A. Yes.

"Q. No. 2. Was the instrument purporting to be the will of the de-
ceased signed by reason of undue influence as defined by the instructions
herein given? A. No.

Evans v. Evans.

"Q. No. 3. Did W. E. Evans, at the time he signed the last will and testament, have the intelligence to know and understand that he desired one-half of all of his property to go to his wife and one-half thereof to his mother? A. Yes.

"Q. No. 4. Did W. E. Evans sign the will after it was read to him in the presence of the two attesting witnesses without duress or coercion? A. Yes.

"Q. No. 5. Do you find that there was any undue influence exercised upon the deceased? A. No."

The findings were approved, and the court rendered the following judgment:

"It is therefore ordered, considered and adjudged by the court that the plaintiff have judgment herein: That the instrument set out in plaintiff's petition as the last will and testament of W. E. Evans, deceased, be and hereby is adjudged and found to be the last will and testament of said W. E. Evans, deceased, and said instrument is entitled to probate as said last will and testament. . . ."

The defendants say the district court erroneously regarded the proceeding as one to establish the will itself, and not merely as one to reverse the order of the probate court.

Formerly the proponent of a will had but one remedy, in case the probate court refused to probate the will, and that was by appeal to the district court. In 1907, the proponent was given a remedy by way of civil action commenced in the district court. (Laws 1907, ch. 429, §§ 1, 2.) In the case of *Durant v. Durant*, 89 Kan. 347, 131 Pac. 613, it was held the statute did not, by implication, abolish appeal, and the remedy of independent civil action was cumulative. In 1917, the act of 1907 was amended in some minor particulars, and the statute under which the plaintiff proceeded now reads as follows:

"If no person interested, or claiming to be interested shall appear within two years from the time of the making of any order by a probate court, probating or refusing to probate the will and contest the same, such order shall be forever binding, saving, however, to persons under legal disability, the period of two years after such disability is removed. The provisions of this act shall apply to any order of the court probating or refusing to probate the will, made at any time within two years prior to the taking effect of this act: *Provided, however,* That no proceedings to contest or set aside such order of the probate court shall affect the rights of innocent parties who have acquired title to property under the laws as they existed prior to the passage of this act.

"The mode of contesting a will after probate, or an order of the court refusing to probate the will shall be by civil action in the district court of the county in which the will was admitted to probate or the order of the

court refusing to probate was made, which action may be brought at any time within two years after the probate, or the order of the court refusing to probate the will, and not afterwards: *Provided,* That this act shall not apply to any action or proceeding now pending." (Laws 1917, ch. 336, §§ 1, 2.)

In the case of *Hospital Co. v. Hale,* 69 Kan. 616, 77 Pac. 537, the nature of the proceeding to procure probate of a will, whether in the probate court or on appeal to the district court by the defeated proponent, was discussed. In the opinion it was said:

"In both courts the procedure is of the most informal and perfunctory character, and when a *prima facie* case is made upon the several points as to validity of execution, testamentary capacity, and freedom from illegal restraint, the order of admission should be made, leaving for the more formal and regular proceedings provided by section 20 of the wills act (Gen. Stat. 1901, § 7957) the contest of the nicer and more difficult questions, a contest in which issues are duly formed, evidence properly produced, the machinery found for obtaining a jury should one be ordered. Upon the application to admit to probate, a party interested in having the application denied may not, as a matter of right, demand the examination of his witnesses in opposition. Just to what extent this preliminary examination ought to go it is difficult in any one case to say; it can be said, however, that it is not a contest; that is left for another proceeding in another forum. In the rough, it is probably sufficient to say that it should go only to the extent that a *prima facie* case is made in favor of the validity of the will." (p. 619.)

Soon after the publication of this decision the legislature made somewhat more definite the extent of the inquiry (Laws 1905, ch. 526, § 1), but did not enlarge the issues, or provide for a probate court contest, or abrogate the rule that probate should be allowed on a *prima facie* showing, whether made in the probate court or in the district court. (*Wright v. Young,* 75 Kan. 287, 89 Pac. 694.) The situation was thus left in much the same unsatisfactory condition as before. The probate court could not determine a will contest, and the district court on appeal had only the jurisdiction of the probate court. The proponent had no means of establishing the will against a contestant, while a contestant, although twice defeated, still had the remedy of an action in the district court, commenced at any time within two years after probate. Such being the state of the law, what did the legislature undertake to do by the second section of the statute of 1917?

Evans v. Evans.

The defendants argue that the sole effect of the statute was to give the proponent, if defeated in the probate court, another way to reach the district court. Formerly he could appeal. Now he can appeal, or commence an independent action; but in either case the object is the same as before, that is, to obtain probate of the will, and the authority of the district court is limited to the same extent as before. The court is unable to accept this interpretation.

The statute provides for two kinds of contest, one by the contestant after probate of the will, and one by the proponent after probate has been refused. The contestant contests the will. The proponent contests the order of the probate court. The contestant contests the will because the probate court has found it was duly executed and the testator was of sound mind and under no restraint. The proponent contests because the probate court has found the will was not duly executed, or the testator was not of sound mind, or the testator was under undue restraint. The district court is not restricted to the exercise of virtually probate jurisdiction invoked by appeal from the probate court. The action is a civil action, and the court possesses all the power of a district court in a civil action. Issues may be duly framed, evidence may be properly produced, the machinery for obtaining a jury, if desired, is available, and all the "nicer and more difficult questions" may be determined in a formal and regular way. There is no reason for two trials, should the proponent bring the action, and but one trial if the contestant should bring the action, and this court concludes the district court correctly interpreted the statute.

The court instructed the jury as follows:

"The jury are instructed that a person is presumed to be of sound mind until the contrary is proven by the evidence, and in this case the burden is on the defendant to prove, by a preponderance or greater weight of the evidence, that the deceased, Will Evans, did not, at the time he executed the will in question, understand the nature of what he was doing; and the burden is on the defendant to prove, by a preponderance of the evidence, that said deceased was induced to sign said will by reason of undue influence of others."

It is said the instruction was erroneous, in that the proponent of the will was not required to make out a *prima facie* case, and the jury may have been influenced by the instruction. Al-

though a jury was called, its office was merely advisory. The ultimate determination of the issues of fact rested with the court. Until a *prima facie* case was presented, there was no occasion to interrogate the jury, and whether or not a *prima facie* case had been presented, was a subject for decision by the court. The plaintiff introduced his evidence first. At the close of the evidence, the court evidently was satisfied the plaintiff has sustained the burden resting on him, and submitted the issue of the validity of the will to the jury under the instruction quoted, which was appropriate to that issue.

It is said the findings of fact were not sustained by sufficient evidence. The evidence was conflicting, the credibility of testimony was involved, and this court is precluded, by well-understood rules, from disturbing the findings.

The judgment of the district court is conclusive with respect to the validity of the will and its admissibility to probate, and it is affirmed.