KNOWLES, Guardian *ad litem,* and another, Respondents, vs. STARGEL and another, Appellants.

*February 5—March 4, 1952.*

108

For the appellants there was a brief by *Stafford & Stafford,* attorneys, and *Robert F. Pfiffner* of counsel, all of Chippewa Falls, and oral argument by *Mr. Pfiffner.*

For the respondents there was a brief by *Doar & Knowles,* and oral argument by *Warren P. Knowles III,* all of New Richmond.

FAIRCHILD, J. The appellants assign as grounds for reversal of the judgment several alleged errors, but the principal ground of appeal is that the respondent was guilty of contributory negligence. It is contended that his work did not require him to be where he was and that the nature of his task did not place him in the class of a man engaged in working on a highway engrossed in work which required his attention and thus relieving him of some of the responsibility that rests upon other users of the highway. And they insist that in this instance respondent's attention was in no way diverted from his surroundings. They overlook the fact that a watchman or flagman, situated as respondent was, necessarily had to be in a position where he could see the movement of traffic in more than one direction. The objection of the appellants is untenable. The respondent was acting as a watchman or flagman at a point in the highway where the construction company was required to provide one. When the plans or special provisions provide that traffic is to be maintained over a road during construction work, the contractor is to provide and maintain such signs and watchmen as may be necessary to properly protect the traffic. The practice of placing a watchman or flagman to warn motorists of an emergency and to regulate traffic under such conditions is so thoroughly accepted as a safety measure that the doctrine exists that one so acting is to have the

benefit of "the man working on the street" rule. Respondent, as such watchman or flagman, was required to be at his post and in the exercise of ordinary care to discharge the duties and take the position required of him so that his service would be of value to moving traffic. It is considered that this feature of the case was properly submitted to the jury. Respondent, of course, was required to pay attention to traffic and to exercise ordinary care under the circumstances to protect himself from injury, but he was not, by this arrangement, placed in the category of a pedestrian who has no other care than his own safety to look after. He was at work on the highway, a fact which is properly to be considered in determining whether he exercised ordi-. nary care. *Beyrent v. Kaplan,* 315 Pa. 353, 172 Atl. 651. The respondent was in the position he was in for the purpose of making traffic safer, and it was his duty to so place himself that he could perform the work to which he was assigned. We agree with the trial court that the general rule is that a traffic officer or an individual openly discharging such a duty, when properly required to do so, is not to be expected to devote his entire attention to saving himself from injury in order to be free from failure to exercise ordinary care.

There is no serious question about the negligence of appellants. It does appear that the weather, the travel, and the facts surrounding the situation as they bear upon the question of ordinary care of the respondent were such as resulted in questions of fact for the jury. And it seems plain that the jury was warranted in finding that respondent was not negligent and that the appellants were. The credible evidence in the case supports the answers of the jury. A truck preceded the appellants' car. At the time, the respondent was signaling for a stop. That truck was saved from probable injury by the flagman's warning; and had appellants been driving in the exercise of ordinary care,

they could have stopped before striking the truck and the respondent. In the exercise of ordinary care they ought to have seen the signal of the flagman and the stopping of the truck, and avoided the unfortunate occurrence. In fact, their testimony is to that effect. They were following the Lindow truck too closely to make it possible for them to stop in time to avoid striking the truck when it slowed up. The evidence is that the respondent and the truck were "hit simultaneously" by appellants' car, as described in the statement of facts. There is evidence of notices existing along the way warning that the road was under construction. The appellants failed to see these signs and proceeded in the manner described which resulted in the injuries to the respondent. The proper questions of ultimate fact here involved were settled by the jury.

As indicated in what has already been said in this opinion, we find no error in the instructions of the court, nor do we find any prejudicial error resulting from excluding from evidence the adverse examination of the respondent, considering the manner in which it was offered by the appellants. At the time it was offered the objection was made by the respondent Insurance Company that the examination had occurred without notice to it. The objection was properly sustained. Under the ordinary rules of evidence obtaining in this state, a deposition cannot be used on the trial against one who was not a party to the action when it was taken. *Smith v. Milwaukee Builders' & Traders' Exchange,* 91 Wis. 360, 64 N. W. 1041, headnote 9. The objector in this instance was not a party at the time the deposition was taken. However, with respect to the point just referred to, that is, the exclusion of the deposition or adverse examination, it appears from the record that the appellants availed themselves of the usual method of examining into the contents of the adverse examination for impeachment purposes and discovering of admissions against interest.

This was done in accordance with the recognized and acceptable practice of bringing before the court and the jury the material and relevant matter obtained in such deposition. The appellants had the full benefit of the adverse examination in their cross-examination of the respondent. Under sec. 325.14, Stats., the testimony so taken (pursuant to sec. 326.12) shall not conclude the party taking the same, but he shall be allowed to rebut or impeach the same. Sec. 326.12 (5) provides that such portions of any such deposition as are relevant to the issues may be offered by the party taking the same.

It is also considered that there was no abuse of discretion by the trial court in its ruling sustaining the objection to the admission of the statement of one Ronald Krager. He was a witness and was subjected to a thorough cross-examination in respect to the statement and the alleged inconsistencies. *Gauthier v. Carbonneau,* 226 Wis. 527, 277 N. W. 135.

In conclusion, we are of the opinion that the case was fully and fairly tried, and that all of the ultimate questions of fact necessary to be determined, including damages, were properly jury questions and submitted under sufficient instructions. We agree with the trial court that the evidence does not warrant a holding that the damages allowed are excessive. We therefore affirm the judgment.

*By the Court.*—Judgment affirmed.