No. 38,829

In the Matter of the Estate of Amy M. Haugh, Deceased. MARGARET HAUGH and LORRAINE HAUGH ATCHISON, *Appellees,* v. CECIL HAUGH, *Appellant.*

(255 P. 2d 652)

Opinion filed April 11, 1953.

W. R. *Lutz,* A. W. *Relihan,* T. D. *Relihan,* and Terry E. *Relihan,* all of Smith Center, were on the briefs for the appellant.

*William H. Stowell,* of Phillipsburg, argued the cause, and Doris Dixon Stowell, of Phillipsburg, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WERTZ, J.: This was an action to establish title to real estate and to recover the value of improvements removed therefrom. Plaintiffs recovered and defendant appeals.

Appellees Margaret Haugh and Lorraine Haugh Atchison, the

widow and daughter, and sole and only heirs at law of Lee S. Haugh, deceased, hereinafter referred to as plaintiffs, filed their petition in the probate court of Smith county against the estate of Amy M. Haugh, deceased, hereinafter referred to as the estate, to establish title to a one-acre tract of real estate and to recover damages for the wrongful conversion of improvements and buildings thereon. The matter was properly certified to the district court where it was tried on its merits as though originally filed in that court. (G. S. 1949, 59-2402.) The evidence to support plaintiffs' claim may be briefly summarized as follows:

In the year 1928, Amy Haugh and her husband made, executed and delivered to their son, Lee S. Haugh, a deed conveying a one-acre tract of land located in the northeast corner of a forty-acre tract owned by them. This deed was never placed of record, but was kept in a steel box in a dresser drawer in the home of Lee S. Haugh. It had been signed by his mother and father before Will Warner, a notary public. Shortly after the execution and delivery of this deed there were certain improvements consisting of a small house, chicken house, granary and sheds placed on the one-acre tract of land. In 1929, after the improvements had been constructed on the premises, Lee Haugh married Margaret, and he and his wife moved onto the land in question. They had a daughter who is now Lorraine Haugh Atchison. The family continued to live together on this tract of land until May, 1936, when Lee died. After his death, the widow and daughter continued to live on the land until 1940, when they moved to Agra in order that Lorraine might attend school, returning to the farm two separate summers thereafter. Two weeks before the death of Lee, his mother Amy came to his home and in the presence of three other parties who testified in the action, asked Lee to return the deed to the one-acre tract of land previously given him, as she (Amy) wanted to fix it over and have the entire forty-acre tract included in the deed, and that he should not worry about it as she would have the new deed executed and delivered to him. Lee at the time was sick, hardly able to talk, but told his wife, Margaret, to get the deed out of the steel box in the dresser drawer and give it to his mother, which she did. Margaret and her daughter, Lorraine, never saw the deed thereafter, nor did Amy ever convey the forty-acre tract to Lee or his wife and daughter.

In July, 1948, Amy held a public sale and sold the buildings from the one-acre tract of land, receiving and retaining the proceeds therefrom. One year later and on August 1, 1949, Amy died, and

an administrator was appointed for her estate, and the plaintiffs' claim, as hereinafter stated, was filed against her estate.

At the close of plaintiffs' evidence, defendant interposed a demurrer which was overruled by the court. Some evidence was offered by defendant, at the conclusion of which the trial court found that the plaintiffs, Margaret Haugh and Lorraine Atchison, were the owners of the one-acre tract described in their petition, and that title should be quieted in them as against the estate of Amy M. Haugh, and further found that the decedent Amy, during her life, did convert and sell from said property the buildings and improvements thereon, and that plaintiffs should recover the reasonable value thereof, and entered judgment accordingly. Within the statutory period, defendant filed his motion for a new trial which was overruled, from which ruling the principal beneficiary of said estate, Cecil Haugh, appeals to this court and asserts three separate specifications of error. Plaintiffs challenge the right of defendant to be heard in this court by reason of the fact that his notice of appeal is not broad enough to cover some of his specifications of error asserted here. It is not necessary for us to labor this point as this case may be decided on the only specification of error to which there is no objection, and which is fully covered by the defendant's notice of appeal and the one upon which he relies, i. e., was the judgment of the lower court supported by substantial, competent evidence?

Defendant's contention of error may be stated in one single question as argued by him. Was there sufficient evidence and proof to establish the existence and contents of the lost and unrecorded deed to the one-acre tract of land?

He contends that to sustain an action founded on a lost instrument, such as the one involved in the instant case, there are three elements which must be established by competent proof: (1) The due execution of the instrument; (2) its loss, and (3) proof of its contents, and that plaintiffs failed to meet that required proof.

We do not feel it necessary to make an exhaustive review of all the evidence presented at the trial in the court below. The only requirement upon us is to determine if there is sufficient evidence to sustain the findings of the trial court on these issues. (*Pearcy v. Williams,* 163 Kan. 439, 447, 183 P. 2d 243; 1 Hatchers' Kansas Digest [Rev. Ed.], Appeal and Error, § 507.)

As to the execution and delivery of the deed, an examination of the evidence amply reveals that Lee's father and mother, prior to Lee's marriage, signed a deed conveying to him the one-acre tract

of real estate; that the deed was acknowledged by a notary public and delivered to Lee; that he kept the same in a steel box a number of years thereafter, until it was called for in 1936 by his mother, Amy, and delivered to her as hereinbefore related.

As to the second point raised by defendant, there was ample evidence to show that the deed was returned to Amy upon the promise that she would execute a new deed covering the entire forty-acre tract, of which the one-acre tract was a part, and that the deed was delivered to her and was never returned; that the plaintiffs have not seen the deed since that time, and the same was not in their possession.

Defendant's third contention there was no proof of the contents of the instrument is without merit. The evidence discloses that the conveyance was to the one-acre tract covering the home of Lee, in his lifetime, and the plaintiffs in this action occupied the premises, had possession of the deed, and that it definitely covered the land in question. Moreover, the record shows that Amy asked for the return of the deed to the specific one-acre tract, and that she stated she would have a new deed executed covering the entire forty-acre tract, of which the one-acre tract was a part. There is nothing in the record to dispute this fact. The appellant, the principal beneficiary of the estate of Amy Haugh, testified that he knew the plaintiffs were claiming the one-acre tract after Lee's death. This being purely a fact case, it would serve no useful purpose for us to reiterate all of the evidence going to sustain the burden of proof required of the plaintiffs on the points argued by appellant. Suffice it to say that upon a careful examination of the record, we find there was ample evidence to sustain the lower court's findings and judgment.

It necessarily follows that the judgment of the lower court must be affirmed.