No. 39,039

James A. McFadden, *Appellee,* v. John K. McFadden and Berdie McFadden Bleser, *Appellants.*

(257 P. 2d 146)

Opinion filed May 9, 1953.

*John R. Alden,* of Hutchinson, argued the cause and was on the briefs for the appellants.

*George Barrett,* of Pratt, argued the cause, and *Baxter Taylor,* of Oklahoma

City, Okla., and *E. R. Barnes* and *Richard Barrett,* both of Pratt, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an appeal from an order overruling two motions directed against a judgment admitting a lost or destroyed will to probate.

Mrs. B. B. McFadden, a resident of Pratt county, died in July, 1922. She was survived by her husband and seven children as her only heirs-at-law. So far as the record discloses all of the children were of full age. No administration on her estate as an intestate was had.

In 1931 one of her sons, James (appellee here), filed a petition in the probate court to admit her lost or destroyed will to probate. It alleged the will had been executed in 1917 but was lost or destroyed after her death. A copy of the will, "as near as the same can be ascertained," was attached to the petition, and showed a bequest of $25 to each of five children, including John and Berdie (appellants here), with a further provision bequeathing and devising all the rest of her property, both personal and real, to James and his sister Myrtle, share and share alike. Following a hearing the probate court denied probate on the ground the evidence as to the provisions of the will was not sufficiently clear and convincing. No appeal was taken from that order.

Two weeks later James filed a direct action in the district court of Pratt county, presumably under the authority of R. S. 1931 Supp. 22-223, which reads:

"The mode of contesting a will after probate, or an order of the court refusing to probate the will, shall be by civil action in the district court of the county in which the will was admitted to probate or the order of the court refusing to probate was made, which action may be brought at any time within one year after the probate or the order of the court refusing to probate the will, and not afterwards: *Provided,* That this act shall not apply to any action or proceedings now pending."

His petition contained substantially the same allegations as did his former petition filed in the probate court. All of the other heirs-at-law of the deceased, with the exception of Berdie, were named as defendants. No service of process, either personal or by publication, was had on John, and the same was true as to Berdie, who, as stated, was not named a party defendant. The record does not disclose what pleadings, if any, other than the petition, were filed in the action.

Following a hearing, the district court in May, 1932, found that decedent died testate; that her husband, who had signed the will, had suppressed it, and that it had been either lost or destroyed; that it bequeathed $20 to each of five children of testatrix, including John and Berdie, and that the residue of the estate was bequeathed and devised to the other two children, James and Myrtle, share and share alike. The probate court was ordered and directed to admit the will to probate. This was done, but we are advised by counsel the matter ended there and that no administration, as such, was ever had. No appeal was taken from the judgment of the district court.

In July, 1952, in the same district court case, Berdie and John filed their separate motions now under consideration.

Berdie's motion alleges that she is a resident of California; that she is a surviving daughter and heir-at-law of Mrs. B. B. McFadden, whose will was admitted to probate by the judgment of the court rendered in 1932; that although a daughter and heir-at-law of the deceased she was not made a party defendant in the action; that as a result thereof the court did not obtain jurisdiction over her; that she is an indispensable party to the action, and a necessary party to a complete determination of the questions involved; that she had no notice or knowledge of the action until November or December, 1951; that the property involved in the action is still held and claimed by James, the plaintiff; that there are no rights of innocent third parties involved; that no prejudice or injury would result by allowing her to become a defendant in the cause, and that she has a valid and meritorious defense. The prayer of her motion is for an order opening the judgment and allowing her to become a defendant in the action, and to grant her a reasonable time in which to file an appropriate pleading.

Attached to this motion was a copy of her proposed answer. It admits the execution of the will in 1918 or 1919, but alleges its destruction by testatrix on or about July 25, 1921, in the state of Colorado, and the subsequent death of testatrix in July, 1922, intestate. It further alleges that as one of the seven children of the decedent she is the owner of an undivided one-fourteenth interest in the estate. The prayer is that the judgment of the court admitting the will to probate be set aside and that she be adjudged to be the owner of an undivided one-fourteenth interest in the estate.

John's motion alleges that he is a resident of the state of California; that he is a surviving son and heir-at-law of Mrs. B. B. McFadden,

whose will was admitted to probate by the judgment of the court rendered in 1932, and that although he was named as a defendant in the action he was not served with summons, either personally or by publication, and that the court therefore did not in any manner obtain jurisdiction over him. The prayer of the motion is for an order vacating the judgment as to petitioner on the ground the same is void as to him, and for a further order allowing him a reasonable time in which to file appropriate pleadings in the cause setting forth any valid defenses which he might have.

Attached to this motion was a copy of his proposed answer. It contains substantially the same allegations as the proposed answer of Berdie.

Both motions were overruled, but we are not advised of the lower court's reasoning in so doing. John and Berdie have appealed.

We thus have this unusual situation: A wife and mother died in 1922, leaving her husband and seven children as her only heirs-at-law. No administration was had on her estate. Nine years later one of her sons petitioned the probate court to admit her lost or destroyed will to probate. The petition was denied. No appeal was taken. The son, then, within the statutory time, filed a direct action in the district court. No service, either personal or by publication, was had on another son (John) who was named as a party defendant. A daughter (Berdie) was not made a party to the action, and, of course, no service was had on her. The district court entered a judgment directing that the will be admitted to probate, and found that by its provisions five of the children, including John and Berdie, were bequeathed $20 each, and that all of the residue of the estate, both personal and real, was bequeathed and devised to James (the plaintiff) and his sister Myrtle, share and share alike. The will was admitted to probate but no administration, as such, was had on the estate. No appeal was taken from the judgment of the district court. Some twenty years later John and Berdie filed the motions under consideration.

The question, therefore, is this: Assuming the allegations of the motions to be true, was the 1932 judgment void as to John and Berdie?

In support of the trial court's ruling James contends that the motions and proposed answers are in reality an attempt to "contest" the will and that it is too late to do so under the provisions of R. S. 1931 Supp. 22-223, *supra,* citing *In re Estate of Denton,* 166 Kan.

411, 201 P. 2d 625; that the 1932 judgment, being unappealed from, became final, and that John and Berdie are barred by laches and the doctrine of stale claims.

John and Berdie, on the other hand, contend they were denied due process of law in the 1932 district court proceedings; that as they were not served with process of any kind the court had no jurisdiction to render the judgment affecting their interests in their mother's estate, and that as the judgment was thus void as to them it may be vacated at any time (G. S. 1949, 60-3009), and they are not barred by the passage of time.

We are of the opinion the court erred in overruling the motions.

In our approach to the question we are not concerned with the concededly informal and nonadversary procedure formerly followed in a probate court proceeding to admit a will to probate under the old Decedents' Estates Law (R. S. 1923, chapter 22), and neither are we concerned with the former procedure in probate court to establish a lost or destroyed will (R. S. 1923, 22-249, 250, 251 and 252).

Here the probate court refused to admit the will to probate. James, the proponent, could have appealed from that ruling to the district court under the last provision of R. S. 1923, 22-1101. He chose not to do so, but filed a direct action in the district court, which he had a right to do under R. S. 1931 Supp. 22-223, *supra*. As matters then stood probate of the alleged lost or destroyed will had been denied. In other words, there had been an adjudication the effect of which was that his mother had died intestate. Under such status each of the seven children, including John and Berdie, was entitled to an undivided one-fourteenth interest in the entire estate, including real estate, which, we are told, was owned by the mother at the time of her death. In the event James was able to prevail in the district court action John and Berdie would receive only small bequests—nothing more. Surely they were interested parties in seeing to it that the alleged lost or destroyed will of their mother was not established and admitted to probate, and yet John, although named as a party defendant was not served with process in any manner, and Berdie was not even named as a party defendant.

In discussing the contest statute under consideration, this court, in *Evans v. Evans,* 109 Kan. 608, 201 Pac. 60, said:

"The statute provides for two kinds of contest, one by the contestant after probate of the will, and one by the proponent after probate has been refused.

The contestant contests the will. The proponent contests the order of the probate court. . . . The district court is not restricted to the exercise of virtually probate jurisdiction invoked by appeal from the probate court. The action is a civil action, and the court possesses all the power of a district court in a civil action." (p. 611.)

While not factually identical, we think the rule laid down in *Madden v. Glathart*, 115 Kan. 796, 224 Pac. 910, should apply to the question before us:

"The court is not here passing upon the validity of a will. The practical effect of the trust deed, however, if made effective, would be similar to that of a will. The trust deed contemplates a disposition of the grantor's property, both real and personal. It is a salutary rule that, in suits involving the validity of a will, the heirs who would inherit the property, if the will be invalid, are not only proper but necessary parties." (Citing authorities.) (pp. 800 and 801.)

To the same effect see *Ayers v. Graff*, 153 Kan. 209, 109 P. 2d 202, where it was said:

"It is well settled that in a suit to construe a will, all persons who are interested in the subject matter and whose interests will necessarily be affected by the construction of the will and the decree rendered are not only proper, but necessary and indispensable parties." (Citing authorities.) (p. 212.)

See, also, 68 C. J. Wills, §§ 708 and 709, pp. 955, 956 and 957.

It is elementary that two essentials to a valid judgment are that the court have jurisdiction of the subject matter and of the persons whose rights are to be adjudicated. For the reasons stated, the court had no jurisdiction over John and Berdie, and yet by the judgment rendered each was effectively divested of his or her interest, other than the small cash bequest, in the mother's estate. Granted the facts here present an unusual and peculiar situation, that is, a son and daughter allegedly going along for a period of twenty years and not knowing of the disposition of their mother's estate, or, at best, sitting idly by and doing nothing, the fact remains we must take the record as we find it, and there is nothing before us to indicate that either John or Berdie accepted any benefits under the judgment or that they in any manner waived any rights they may have had. Furthermore, we are told that no rights of innocent third parties are involved and that the property of the mother's estate is still held and claimed by James.

The contention of James that the motions and proposed answers are in reality an attempt to contest the will, and that such an action is now long since barred by R. S. 1931 Supp. 22-223, *supra*, simply fails to grasp the situation disclosed by the facts. In fact, it was under that very statute that he himself proceeded when he filed the

action in the district court. Had he not done so within one year from the date of the probate court order refusing to admit the lost or destroyed will to probate such order would have become final and binding (R. S. 1931 Supp. 22-222). James' contention in this respect simply has no application to the facts and question here involved.

For the reasons stated, our conclusion is that as to John and Berdie the judgment of 1932 was void.

"A void judgment may be vacated at any time, on motion of a party or any person affected thereby." (G. S. 1949, 60-3009.)

The ruling of the lower court is therefore reversed.