No. 39,887

JAMES A. McFADDEN, *Appellant*, v. JOHN K. McFADDEN and BERDIE McFADDEN BLESER, *Appellees*.

(296 P. 2d 1098)

456

Opinion filed May 5, 1956.

George Barrett, of Pratt, argued the cause, and Baxter Taylor, of Oklahoma City, Oklahoma, and Richard Barrett, of Pratt, were with him on the briefs for the appellant.

John R. Alden, of Hutchinson, argued the cause, and W. D. Jochems and James W. Sargent, both of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from a judgment following a trial upon the answers of John K. McFadden and Berdie McFadden Bleser (appellees herein), finding that the lost or destroyed will of B. B. McFadden, deceased, was revoked; ordering the judgment of the district court of May 20, 1932, set aside, and affirming the order of the probate court of Pratt County of September 2, 1931, denying probate of the will. The plaintiff, James A. McFadden, has appealed.

This is the second appearance in this court of litigation over the lost or destroyed will of B. B. McFadden, deceased. The first appeal was from an order overruling separate motions of John K. McFadden and Berdie McFadden Bleser directed against the judgment of the district court rendered May 20, 1932, ordering the probate court to admit the lost or destroyed will to probate. Our decision reversing that ruling is found in McFadden v. McFadden, 174 Kan. 533, 257 P. 2d 146, and that decision was affirmed on rehearing, 175 Kan. 372, 264 P. 2d 920.

In the interest of brevity, the factual background of this litigation will not be here restated since it is set forth in *McFadden v. Mc-Fadden*, 174 Kan. 533, 257 P. 2d 146, beginning at the top of page 534 and ending with the second paragraph on page 536, and by this reference incorporated herein.

On January 6, 1954, Berdie McFadden Bleser filed her answer in which she alleged that either in 1918 or 1919 her mother, B. B. McFadden, deceased, executed a last will and testament in which John K. McFadden, a son of the decedent, was named as executor; that on or about July 25, 1921, B. B. McFadden destroyed the will at Huerfane County, Colorado, in the presence of John K. McFadden and others; that B. B. McFadden died intestate July 22, 1922, the owner of the legal and equitable title to a quarter section of land in Pratt County; and, that as one of the seven children of B. B. McFadden she is the owner of an undivided one-fourteenth interest in said land. The prayer was that the judgment of the district court entered May 20, 1932, admitting the will to probate be set aside and held for naught and that she be adjudged the owner of an undivided one-fourteenth interest in the real estate. On the same day, January 6, 1954, John K. McFadden filed his answer setting out substantially the same allegations as were contained in Berdie's answer, and asked the same relief.

On June 4, 1954, a pretrial conference was had to consider the questions involved in the action. The district court found that the answers of Berdie and John should be amended in certain respects. It further found that of the five heirs at law who were defendants in the original proceedings in 1932, two lived in Haviland, Kansas, and three resided in the state of Oklahoma, and ordered that all of the heirs at law of the decedent who were parties in the original proceedings be notified of the pendency of the answers of Berdie and John, and those who were nonresidents of Kansas were directed to be notified by personal service of summons out of state as provided in G. S. 1949, 60-2529. Counsel and the court discussed the opinion of this court in *McFadden v. McFadden*, supra, and the effect, if any, it might have with respect to the judgment of the district court rendered in May, 1932. Counsel for appellees stated, in effect, that the heirs at law of the decedent who were parties defendant and who had either entered their appearance or were served with process in 1932, were foreclosed of any interest in the decedent's estate by reason of the judgment rendered May

20, 1932, since the court had jurisdiction of them, and that the rights of such defendants could not be affected by any judgment the trial court might render upon the answers of appellees. The trial court expressed the view that the will was good as to all parties who were properly before it in 1932, and null and void as to the appellees.

On September 13, 1954, James A. McFadden (appellant herein) filed an amended petition alleging that in 1917 B. B. McFadden executed her last will and duly acknowledged the same; that she died a resident of Pratt County in July, 1922; that the will cannot be found, and he is unable to produce it; that at the time of decedent's death the will was in the possession of E. G. McFadden, the husband of decedent, and had become lost or destroyed while in the possession and under the control of E. G. McFadden; that "a copy of said will cannot be produced but the same is substantially as follows" the purport of which is that five children, Goldie M. Miller, Mabel C. Starling, Ethel G. Muns, Berdie McFadden, and John K. McFadden were bequeathed the sum of $20; the rest and residue of the decedent's estate was devised to a daughter, Myrtle, and a son, James, share and share alike, and that her husband, E. G. McFadden, was named executor. Appellant further alleged that on June 4, 1931, he filed an application in the probate court of Pratt County for the admission of said will as a lost or destroyed will; that on September 2, 1931, the probate court refused to admit said will to probate. The prayer was that the will be established; that the order of the probate court of Pratt County of September 2, 1931, be vacated and set aside, and that the will be admitted to probate.

On November 5, 1954, the appellant filed a reply denying new matters set up in appellees' answers filed January 6, 1954, which were inconsistent with the allegations contained in the amended petition.

On December 7, 1954, a trial was had in the district court upon the issues thus joined. The court rendered judgment in favor of the defendants, including the appellees, and made findings of fact and conclusions of law. One of the findings of the district court was:

"Then there is another matter—that of the revocation of the will and destruction of the will. In my mind the preponderance of the evidence is that the will was revoked, destroyed, in a lawful manner in the little homestead shack there at Walsenburg, Colorado. And that in itself, of course, eliminates all the other questions in the case. But I was just thinking that an appeal might

be desired in this case and I would express my views for the benefit of the appellant as to what I find the facts to be."

The appellant filed a motion for a new trial, which was overruled. Counsel for the parties did not agree as to what should be contained in the journal entry. The district court rendered judgment upon the findings of fact and conclusions of law previously entered; the order of the probate court of September 2, 1931, refusing to admit to probate as a lost or destroyed will, an instrument purported to have been executed by B. B. McFadden as her last will and testament, was affirmed, and the judgment of the district court rendered May 20, 1932, ordering the probate court to admit to probate the lost or destroyed will of the decedent, was set aside and held for naught as to all of the parties. From this judgment James A. McFadden has appealed.

Thus, we are presented with a most unique situation. A wife and mother died in 1922, leaving her husband and seven children as her only heirs at law. Nine years later a son, James, filed a petition in the probate court to admit her lost or destroyed will to probate. After a full hearing, it was denied. No appeal was taken from that order. Within the statutory time, James filed an action in the district court to require the probate of the lost or destroyed will. Of the other seven heirs at law of B. B. McFadden—the husband and father, one son and five daughters; only six were named as party defendants and only five of the six named as defendants were served with process or entered their appearance. No service, either personal or by publication, was had upon John K., the other son (who was named as a defendant) or upon a daughter, Berdie (who was not made a party to the action). Notwithstanding the fact that the district court did not have all of the heirs at law of B. B. McFadden before it on May 20, 1932, when James' action contesting the order of the probate court refusing to probate the lost or destroyed will was tried, it rendered an order, which reads, in part:

". . . That the order of the probate court of Pratt County, Kansas refusing to admit said will to probate is hereby set aside, that said will is entitled to probate in Pratt County, Kansas, and the same is hereby ordered admitted to probate."

No appeal was taken from that judgment. On June 2, 1932, the probate court admitted the will to probate. No further proceedings were had in the probate court pertaining to the will. We are advised that the real estate owned by B. B. McFadden at the time

of her death is still within the McFadden family, and that there are no rights of innocent third parties involved.

In *McFadden v. McFadden*, supra, this court, in effect, held that the appellees were necessary and indispensable parties to the action contesting the order of the probate court refusing to probate the lost or destroyed will, and since they were not served with summons or legal process, the judgment was void as to each of them and they should be permitted to intervene and file appropriate pleadings. As heretofore indicated, following the trial upon the answers of appellees, the district court found that the lost or destroyed will had been destroyed and revoked and that the judgment of the district court rendered May 20, 1932, should be set aside as to all defendants including the appellees. Were the district court's findings of fact and conclusions of law correct? The appellant contends they were not and specifies error, which he has briefed under three separate headings.

Appellant first contends that the district court erred in finding (1) that the appellant had failed to establish the contents of the lost or destroyed will; (2) that the proof failed to establish the proper execution of the will; and (3) that the will had been revoked.

In making these contentions appellant concedes it to be the rule that the district court is the sole judge of the weight and credibility of the evidence, and this court on appellate review will not disturb findings of fact based upon substantial evidence. It would be of little benefit to extend this opinion by prolonged discussion of arguments advanced by appellant in support of these contentions, nor would it add anything to our reports to detail the evidence on which a decision of these questions must necessarily depend. It is sufficient to say that after a careful and painstaking review of all the testimony, we have little difficulty in concluding, and are convinced, the record discloses substantial competent testimony, which sustains the district court's findings of fact objected to by appellant. Under the rule established by this court in a long and unbroken line of decisions, such findings are conclusive and will not be disturbed on appellate review even though, as appellant points out, the record discloses some evidence which might have warranted the district court in making a finding to the contrary. For some of our recent decisions where this rule is discussed, see, *Shotzman v. Ward*, 172 Kan. 272, 239 P. 2d 935; *In re Estate of Haugh*, 174 Kan. 278, 255 P. 2d 652; and, *Condon National Bank of Coffeyville*

*v. Krigel*, 176 Kan. 279, 270 P. 2d 232. Numerous decisions of like purport will be found in 2 West's Kansas Digest, Appeal and Error, §§ 1010 (1), 1011 (1), and 1 Hatcher's Kansas Digest (Rev. Ed.) Appeal and Error, §§ 507, 508. From what has been said it is obvious that the district court did not err and this contention of appellant affords no sound basis for reversal of the judgment.

The appellant next contends the district court erred (1) in refusing to admit evidence; (2) in the admission of evidence; (3) in refusing to enter judgment for the plaintiff, and (4) in overruling plaintiff's motion for a new trial. Appellant contends the district court erred in refusing to admit in evidence the depositions of the two attesting witnesses to the will of B. B. McFadden taken prior to and introduced at the hearing in the probate court in September, 1931, and admitted in evidence at the trial in the district court in May, 1932. The deponents are deceased. Appellees objected to the introduction of the depositions on the ground that they were not parties to the previous proceedings and were not given notice of the taking of such depositions and had no opportunity to cross-examine the witnesses. We do not think the district court erred in refusing to admit the depositions. The ruling is amply supported by the authorities.

In 16 Am. Jur. 749, Depositions, § 115, it is stated:

"A deposition cannot be used on the trial of a case against a defendant who was not a party to the action when the deposition was taken."

and at p. 751, Depositions, § 121, it is further stated:

". . . a deposition which was taken in a former suit is incompetent as evidence in a subsequent trial against a person who was not a party to the first suit and who was not permitted, at the time the deposition was issued, either to cross-examine the hostile witness or to file cross interrogatories."

In 26 C. J. S. 938, Depositions, § 95 (b), it is stated:

"A deposition taken at a time when a person is not a party to the action cannot be used against him after he has been made a party, . . . Evidence taken under an ex parte commission is not admissible against a defendant, who is brought into the cause by an amendment made in plaintiff's bill, after the commission had issued."

In *Rutherford v. Geddes*, 71 U. S. 220, 18 L. Ed. 343, Mr. Justice Miller said:

"The depositions relied on by appellant were properly ruled out, for the reason that they were taken without notice to defendants, in another suit to which defendants were not parties, and in which they had no right or opportunity to cross-examine the witnesses. . . ." (p. 224.)

See, also, *In re Hedgepeth*, 150 N. C. 245, 63 S. E. 1025; *Walker v. Case, Executor*, 211 Ark. 1091, 204 S. W. 2d 543; and *Knowles v. Stargel*, 261 Wis. 106, 52 N. W. 2d 387.

The appellant contends that John K. McFadden was incompetent as a witness to testify he was present and saw his mother, B. B. McFadden, destroy her will by setting fire to it and its copy and drop it in a stove in his home near Walsenburg, Colorado, in July, 1921, for the reason that it was a transaction had with his mother. The point is not well taken. The court ruled, and we think properly, that he was not testifying to a transaction but to what he observed. See, *In re Estate of Benso*, 165 Kan. 709, 199 P. 2d 523.

Appellant next contends that the testimony of John K. McFadden established there was no will. He cites *Caeman v. Van Harke*, 33 Kan. 333, 6 Pac. 620, to the effect that it is incumbent upon the plaintiff to show that a later will, or revoking instrument, was signed, attested and subscribed with all the formalities prescribed by the statute for the making of a will. Appellant misconstrues the evidence by proceeding on the theory that appellee was attempting to prove revocation of a former will by proving a later will. This was not the situation. The evidence of both the appellant and appellees points to the same will: the one made at Holly, Colorado, in November, 1918, which was prepared by F. H. Allen and witnessed by F. H. Allen and Frank Dixon. The disagreement which existed between the appellant and the appellees was as to the contents only. It was this will which the district court held was destroyed and revoked by B. B. McFadden. We do not believe appellees' evidence is susceptible of the objection made to it by appellant.

Appellant further contends the district court erred in refusing to render judgment for the plaintiff, and in overruling his motion for a new trial. We do not believe the district court erred in this respect. It saw the witnesses and heard them testify with the exception of the deposition of Goldie M. Pons, and concluded plaintiff had failed to establish with reasonable certainty the exact terms of the lost or destroyed will of B. B. McFadden; that there was no evidence whatsoever as to the execution and attestation of the purported will, and that it had been destroyed and revoked by the decedent. It rendered judgment in favor of all the defendants. As previously stated, there was substantial competent evidence to support its findings and they are not subject to appellate review.

The granting of a motion for a new trial ordinarily rests in the sound discretion of the trial court and seldom is the basis of reversal on appeal (*Fritchen v. Jacobs*, 138 Kan. 322, 26 P. 2d 448; *Durkin v. Kansas City Public Service Co.*, 138 Kan. 558, 27 P. 2d 259; *Wentworth v. First Trust Co.*, 147 Kan. 466, 77 P. 2d 976). Other authorities of like import will be found in 4 Hatcher's Kansas Digest (Rev. Ed.) New Trial, § 61, and 7A West's Kansas Digest, New Trial, § 6.

Appellant maintains the district court erred in formulating its judgment, and contends it was not based upon any issue raised during the trial. Specifically, appellant contends the district court erred in rendering judgment in favor of all defendants and directing the judgment of the district court of May 20, 1932, ordering the probate court to admit to probate the lost or destroyed will of B. B. McFadden be set aside and held for naught as to all defendants. Appellant makes no objection to the judgment with respect to appellees but strenuously urges that it is invalid as to the five heirs at law who were parties defendant in the original proceedings in May, 1932. He contends the judgment of May 20, 1932, is valid and binding upon these five defendants; that it has not been corrected or modified on appeal, and that it is final as to them. He further contends that the trial on December 7, 1954, was a lawsuit between James A. McFadden, as plaintiff, and John K. McFadden and Berdie McFadden Bleser, as defendants; that there were no other appearances by any of the five heirs at law who were defendants in the original proceeding in May, 1932, and that the court could not render a judgment which would affect their rights under the will of B. B. McFadden. His argument is based, in part, on what transpired at the pretrial conference June 4, 1954. This conference has been heretofore noted. The fact the district court entertained an opinion at the pretrial conference that our decision in *McFadden v. McFadden*, supra, left the will good as to all parties who were properly before it in 1932, and null and void as to the appellees, would not prevent the district court, following trial on the answers of appellees, from changing its view. During a trial a district court may reverse its previous holding on some law or fact question. If a judge thinks he has made an erroneous ruling at any stage of a proceeding, he would want to correct it, and should do so. Certainly, the expression of an opinion by the district court at the pretrial conference did not prejudice ap-

pellant in any way. It was *after* the pretrial conference and following the trial at which the district court heard all the evidence, that it concluded appellant had failed to establish the contents of the will, its due execution and that it had been destroyed and revoked. Moreover, the order of the court following the pretrial conference (G. S. 1949, 60-2705), which was approved by counsel for both parties, only refers to amendments to appellees' answers and to the notice to be given the heirs at law of the decedent. This order apparently recites all of the action taken at the conference. We find no merit in this contention.

Was the judgment rendered by the district court on May 20, 1932, a valid, binding and final adjudication as to the rights of all the heirs at law? To answer this question requires further consideration. On September 2, 1931, the probate court refused to admit the will to probate. Appellant could have appealed from that order to the district court (R. S. 1923, 22-1101); instead, on September 14, 1932, he filed this action pursuant to R. S. 1931 Supp. 22-223 to contest the order of the probate court refusing to probate the will. R. S. 1931 Supp. 22-223, reads:

"*The mode of contesting* a will after probate, or *an order of the court refusing to probate the will, shall be by civil action in the district court of the county in which* the will was admitted to probate or *the order of the court refusing to probate was made,* which action may be brought at any time within one year after the probate or the order of the court refusing to probate the will, and not afterwards: *Provided,* That this act shall not apply to any action or proceedings now pending." (Emphasis supplied.)

Prior to the enactment of this statute the proponent of a will had but one remedy in case the probate court refused to probate a will, which was by appeal to the district court (*Evans v. Evans,* 109 Kan. 608, 201 Pac. 60), and the district court had only the jurisdiction of the probate court (*Ross v. Woollard,* 75 Kan. 383, 89 Pac. 680; *Wright v. Young,* 75 Kan. 287, 89 Pac. 694; *Durant v. Durant,* 89 Kan. 347, 131 Pac. 613). A proceeding in the probate court to probate a will was not adversary in character and was *in rem* (*Maurer v. Miller,* 77 Kan. 92, 95, 93 Pac. 596; *McCarthy v. Weber,* 96 Kan. 415, 151 Pac. 1103). On appeal the district court had merely probate jurisdiction, and the proceeding was likewise *in rem.* The court acquired jurisdiction of the *res,* and its decree affected the interest therein of all parties who in fact had an interest in it (*Maurer v. Miller,* supra).

Following the enactment of the statute the district court was not

restricted to the exercise of virtually probate jurisdiction invoked by the appeal; the right was given to a proponent to institute directly in the district court an action to contest the order of the probate court. This was a civil action and the court possessed all the powers of a district court in a civil action. Whether it is an action *in rem* is unnecessary for us to decide, but that it is a *civil action* is clear beyond doubt and all provisions of our code of civil procedure are applicable to it. In *Evans v. Evans*, supra, Mr. Justice Burch said of the statute under discussion, the following:

"The statute provides for two kinds of contest, one by the contestant after probate of the will, and one by the proponent after probate has been refused. The contestant contests the will. The proponent contests the order of the probate court. The contestant contests the will because the probate court has found it was duly executed and the testator was of sound mind and under no restraint. The proponent contests because the probate court has found the will was not duly executed, or the testator was not of sound mind, or the testator was under undue restraint. The district court is not restricted to the exercise of virtually probate jurisdiction invoked by appeal from the probate court. *The action is a civil action, and the court possesses all the power of a district court in a civil action.* . . ." (p. 611.) (Emphasis supplied.)

That the district court did not have all necessary and indispensable parties before it on May 20, 1932, has been established. In *McFadden v. McFadden*, supra, it was said:

"While not factually identical, we think the rule laid down in *Madden v. Glathart*, 115 Kan. 796, 224 Pac. 910, should apply to the question before us:

" 'The court is not here passing upon the validity of a will. The practical effect of the trust deed, however, if made effective, would be similar to that of a will. The trust deed contemplates a disposition of the grantor's property, both real and personal. It is a salutary rule that, in suits involving the validity of a will, the heirs who would inherit the property, if the will be invalid, are not only proper but necessary parties.' (Citing authorities.) (pp. 800 and 801.)

"To the same effect see *Ayers v. Graff*, 153 Kan. 209, 109 P. 2d 202, where it was said:

" 'It is well settled that in a suit to construe a will, all persons who are interested in the subject matter and whose interests will necessarily be affected by the construction of the will and the decree rendered are not only proper, but necessary and indispensable parties.' (Citing authorities.) (p. 212.)

"See, also, 68 C. J. Wills, §§ 708 and 709, pp. 955, 956 and 957.

"It is elementary that two essentials to a valid judgment are that the court have jurisdiction of the subject matter and of the persons whose rights are to be adjudicated. . . ." (p. 538.)

The rulings set forth in these authorities apply with equal force to an action in the district court which seeks to contest an order of

the probate court refusing to probate a will as they do to an action to construe a will; and, heirs at law who would inherit the property, if the will be declared invalid, are not only proper and necessary, but indispensable parties thereto.

Since the appellant's action was a civil action the district court could and should have required all the heirs at law to appear and defend before it rendered judgment. Our statute G. S. 1949, 60-416, authorizes the court to determine any controversy between parties before it, but when a determination of the controversy cannot be had without the presence of other parties the court or judge must order them brought in. In failing to do so, the district court did not have all necessary and indispensable parties before it. Consequently, it did not have jurisdiction of all parties to be affected, and it could not render a valid and final judgment as to whether there was or was not a valid will. That was the issue involved. That which transpired in the district court in December, 1954, relates to that which occurred in 1932—the issue was unchanged. The appellees were delayed in making their defense since one was not a party and neither received notice of the action. Upon the filing of their answers and notice given to all the heirs at law, one of them—the appellant—appeared and contested the same issue which was before the court in 1932. The district court found appellant had failed to establish the contents of the will or to prove its due execution, and that it was destroyed and revoked. How can the rights of any of the heirs at law be established under a will which does not exist? We think there are no rights. To hold otherwise, would be recognition of a judicial freak. A will is indivisible. It is either established as a whole or is wholly set aside. The interest of all parties therein is inseparable; to save the right of one is necessary to save it to all; to bar the right of two is to bar it to all. The rights of all parties are all saved or all barred. There either is or there is not a valid will.

It is significant to note that the order of the district court of May 20, 1932, was: "that said will is entitled to probate in Pratt County, Kansas, and the same is hereby admitted to probate." The judgment was that the *will* should be admitted to probate. It is established there is no will. For this reason alone the judgment of the district court of May 20, 1932, is inoperative and the district court properly set it aside. Likewise, the district court properly affirmed

the order of the probate court on September 2, 1931, in refusing probate of the will.

We have thoroughly reviewed the record and find no error. In summary, we hold that the judgment of the district court of May 20, 1932, was void and ineffective at its inception as to all the heirs at law; that all persons who were interested in the subject matter and whose interests were necessarily affected by such judgment were not only proper, but necessary and indispensable parties to such action and a full and complete determination of the issue involved, *i. e.*, the existence or nonexistence of the lost or destroyed will of B. B. McFadden, could not be made until all such parties were present in court and had an opportunity to present their defense; that having presented their defense, the district court found appellant had failed to establish with reasonable certainty the terms of the will of B. B. McFadden, or to prove its due execution and attestation, and that it was destroyed and revoked; that the district court properly set aside the invalid judgment of May 20, 1932, and correctly directed the order of the probate court of Pratt County of September 2, 1931, be affirmed. The judgment is affirmed.