No. 41,899

E. G. McFadden (Robert V. Corns, Special Administrator of the Estate of E. G. McFadden, Deceased, Substituted), Berdie McFadden Bleser, John K. McFadden, Ethel Murray Aker, a/k/a Ethel Muns Murray, Myrtle Jackson and Mabel McFadden, *Appellants*, v. James A. McFadden, *Appellee*, and Goldie Jackson Fons, *Defendant*.

(357 P. 2d 751)

Opinion filed December 10, 1960.

*James W. Sargent*, of Wichita, argued the cause, and *Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse, Stanley E. Wisdom, Vincent L. Bogart, Cecil E. Merkel, John W. Brimer* and *Harry L. Hobson*, all of Wichita, and *John R. Alden*, of Hutchinson, were with him on the briefs for the appellants.

*George Barrett*, of Pratt, and *Mark H. Adams, II*, of Wichita, argued the cause, and *Richard Barrett*, of Pratt, and *Mark H. Adams, Charles E. Jones*,

*William I. Robinson, J. Ashford Manka, Clifford L. Malone, John S. Seeber* and *Floyd Jensen,* all of Wichita, were with them on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This litigation has been before this court on two previous occasions. A short review of the facts is necessary to determine the questions raised in this action.

Bertha B. McFadden, hereinafter referred to as Bertha, died July 22, 1922. At the time of her death she was the owner of the northwest quarter (NW/4) of section six (6), township twenty-seven (27) south, range twelve (12) west of the sixth (6th) P. M., Pratt county, the quarter section of land in question. She was survived by her husband, E. G. McFadden, and the following children: Berdie, John, Myrtle, Ethel, Goldie, Mabel and James. In the instant case the parentage and heirship of Berdie are in question and will be dealt with later. At the time of the death of his mother, Bertha, James (defendant-appellee herein) was fourteen years of age.

On September 14, 1931, James, having attained his majority, brought an action in the district court of Pratt county, seeking to establish an alleged lost will of his mother. James was successful, and on May 20, 1932 the lost will was ordered to probate. By this will James acquired a one-half interest in the land in question. Twenty years later this court set aside that judgment (*McFadden v. McFadden,* 174 Kan. 533, 257 P. 2d 146; rehearing denied, *McFadden v. McFadden,* 175 Kan. 372, 264 P. 2d 920) as void for the reason that Berdie had not been made a party to the action and no service of process had been had on her or her brother John. The case was remanded for a new trial, and Berdie and John were granted leave to file answers therein. Issues were joined in the court below by all the parties, and on December 7, 1954 the cause was again tried. The trial court found that Bertha's purported lost will had been destroyed by her prior to her death and that she died intestate. This court affirmed that decision (*McFadden v. McFadden,* 179 Kan. 455, 296 P. 2d 1098).

Other facts necessary to the issues involved are as follows:

On December 30, 1926 five of the seven children, John, Myrtle, Ethel, Goldie and Mabel, and their respective spouses executed a deed conveying their interest in the property to their father, E. G. McFadden. The deed was duly recorded.

On August 8, 1931 E. G. executed a warranty deed conveying the property to his brother J. A. McFadden. This deed was recorded.

On October 19, 1933 James brought an action in the district court of Pratt county against E. G. McFadden, and J. A. McFadden and his wife. James's petition alleged that he and his father, E. G., were cotenants and each was the owner of an undivided one-half interest in the property in question. The subject matter of the action was cancellation of the deed to J. A., ejectment, partition and accounting. Personal service of process was had on all parties. E. G. appeared and filed an answer and cross-petition alleging, in substance, that he was the owner and in possession of all the real estate. He further alleged that in the event the court should decide at the trial of the cause that James was the owner of one-half interest in the land, he (E. G.) should be adjudged to have a lien for $2,650 against James's interest in the property.

On the issues joined the trial court found that the deed made by E. G. to his brother J. A. should be canceled; that James was entitled to partition, and that E. G. and James should make an accounting. Commissioners were appointed to partition the land or to value the same. The land was appraised, and James elected to take the land at its appraised value. The court determined on the accounting that $1,814.25 was due James from his father, E. G. The election of James to take the property at its appraised value was confirmed by the court and a deed was ordered issued. Thereafter, on October 22, 1936, the sheriff's deed was executed and delivered to James for the property in question. The deed was filed of record. Subsequently, a writ of assistance was issued to the sheriff, E. G. was evicted on August 31, 1937 and James was put in possession of the land. No appeal was ever taken from the judgment and James has been in possession since that time.

Notwithstanding the mentioned judgment, E. G., on April 19, 1950, executed and delivered to Mabel and Ethel a deed conveying the property in question. This deed was filed of record. On December 5, 1950 James filed an action to quiet title against E. G., Mabel and Ethel. Service of process was had on all defendants. On March 12, 1951 trial was had and judgment was entered, canceling and setting aside the deed of April 19, 1950, quieting title in James as against all defendants and perpetually barring and enjoining E. G. from asserting any title or interest in the property in question. No appeal was ever taken from this judgment.

On August 11, 1956 E. G. McFadden and Berdie McFadden Bleser commenced the instant action against James A. McFadden. Subsequently, John, Ethel, Myrtle and Mabel were made parties plaintiff, and Goldie, a party defendant. Owing to the death of E. G., the action was revived in the name of Robert V. Corns, special administrator of the estate of E. G. McFadden. E. G. and Berdie alleged in their petition that E. G. was the owner of an undivided six-sevenths interest in the property in question, Berdie, a one-fourteenth interest and James, a one-fourteenth interest; that the judgment in the partition suit and the judgment in the quiet title action, hereinbefore referred to, were void for the reason that said actions were based upon the interest acquired by James by virtue of an alleged lost will, which was subsequently found to have been destroyed by Bertha before her death. (*McFadden v. McFadden*, 179 Kan. 455, 296 P. 2d 1098.) Plaintiffs further alleged that it would be inequitable to enforce the judgments rendered in those two cases, and they sought to quiet title to the property in E. G. and Berdie.

Defendant James, by his answer, alleged that he was the legal and equitable owner of the property; that he and his predecessors in interest had been in actual, open, notorious, adverse, continuous and exclusive possession of the property for more than thirty years; that the judgments in the partition suit and the quiet title suit, referred to above, were valid and binding subsisting judgments. He further alleged that he neither admitted nor denied that Berdie McFadden Bleser was an heir-at-law of Bertha, but asked that strict proof thereof be required of her. He also alleged that Berdie should be estopped from asserting any interest in the property for the reason that she had been guilty of laches.

A pre-trial conference was held and many of the facts were agreed upon. Some evidence was introduced as to the parentage of Berdie, who did not personally appear at the trial.

On October 8, 1959 the trial court rendered its judgment, finding that the judgment entered in the partition action October 19, 1933 and the judgment entered in the quiet title action March 12, 1951 were valid, binding and in full force and effect, and that it would be inequitable to set aside, vacate or modify said judgments. The court further found that plaintiff Berdie had not sustained the burden of proof that she was an heir-at-law of Bertha. The court also found that defendant James had been in actual, open, ex-

clusive, adverse, notorious and continuous possession of the property in question for more than fifteen years; that the bar of adverse possession had fallen on any claim of title or interest asserted by Berdie, and that she had been guilty of laches barring her action; that defendant James was the sole owner of a valid and uncontroverted title in fee simple to the property in question and his title thereto should be quieted finally and against any and all claims asserted by the parties to the action. The court ordered judgment accordingly. From these findings and orders of the trial court, plaintiffs appeal.

Plaintiffs' contention, in substance, is that the judgment of December 7, 1954 (*McFadden v. McFadden*, 179 Kan. 455, 296 P. 2d 1098) determined title to the land in question, and defendant James, having failed to set up his two former judgments in partition and quiet title as a defense therein, the latter judgment is controlling.

We cannot agree with plaintiffs' contention. There was only one question involved in the will case, *i. e.*, did Bertha leave a will at the time of her death? In the trial of that action it was made clear that was the sole and only issue. The judgments in the partition and quiet title suits had no bearing on whether Bertha died testate or intestate. Regardless of whether Bertha left a will, James had an interest in the real estate. It must be remembered that on December 30, 1926 John, Myrtle, Ethel, Goldie and Mabel conveyed their interest in the property to their father, E. G. As of that date, E. G. became the owner of the real estate, except for the interest of James and that of Berdie, in the event she established her heirship. At the time judgment was rendered in the partition action, issues were joined between the parties. There can be no question but that the court had jurisdiction of the subject matter, *i. e.*, cancellation of the deed, ejectment, partition and accounting, as well as jurisdiction of the parties and the power to render the judgment. The judgment was not void.

It is a well-established rule that where a court has jurisdiction of the parties to an action and of the subject matter thereof, and renders a judgment within its competency, such judgment is final and conclusive, unless corrected or modified on appeal. It is also well settled that a right, question or fact directly put in issue and determined by a court of competent jurisdiction cannot be re-litigated between the same parties in a subsequent action. Not only is everything adjudicated between them which the parties chose to

litigate but everything incidental thereto which could have been properly litigated. (*Farmer v. Farmer,* 177 Kan. 657, 281 P. 2d 1075.)

Jurisdiction may be defined as the power of a court to hear and decide a matter. The test of jurisdiction is not a correct decision but a right to enter upon inquiry and make a decision, and that jurisdiction is not limited to the power to decide a case rightly but includes the power to decide it wrongly. It is further a fundamental rule that where a court has jurisdiction of the parties to an action and of the subject matter, and renders a judgment within its competency, even if erroneous, that judgment is final and conclusive, unless corrected or modified on appeal or by such other method as may be prescribed by statute, and it may not be attacked collaterally otherwise. (*In re Estate of Johnson,* 180 Kan. 740, 746, 747, 308 P. 2d 100, and cases therein cited.)

Plaintiffs, without doubt, are seeking to attack collaterally the judgments in the partition and quiet title suits. This they cannot do.

As to the quiet title action, James alleged that he was in actual, open possession of the real estate and was claiming it. In entering judgment the court found James in possession. Again, there can be no question as to the jurisdiction of the court over the parties or the subject matter. The judgment was not void.

In an action to quiet title, where it is shown that the plaintiff is in actual possession of the property in controversy and the court so finds, this is sufficient to give plaintiff a right to maintain an action against any person who claims to have an adverse interest. Consequently, where there has been a conclusive and binding decision against a defendant on the question of title, regardless from what source it may have been derived, he is thereafter estopped from asserting a claim which existed at the time of the rendition of such judgment. When a judgment has been entered in a case and has become final, it cannot be collaterally attacked in a subsequent proceeding, unless it appears the judgment is void. (*Federal Savings & Loan Ins. Corp. v. Hatton,* 156 Kan. 673, 135 P. 2d 559.)

It is apparent that the two judgments against E. G. above referred to, being valid and subsisting judgments, were sufficient to bar and foreclose E. G. from any right to the property in question. Not until the filing of the instant action by E. G. did James, for the first time, have an opportunity to plead the judgments in the

partition and quiet title actions as *res adjudicata* to E. G.'s claim to the property.

As to plaintiff Berdie, the court found she had not sustained the burden of proof that she was an heir of Bertha. Although her parentage and heirship were questioned by the pleadings in this action, she did not personally appear at the trial. A review of the record discloses evidence sufficient to sustain the trial court's finding and judgment that she was not an heir of Bertha. Moreover, the court further found that James had been in actual, open, notorious, exclusive, adverse and continuous possession of the property for more than fifteen years; that any claim of title by Berdie was barred thereby (G. S. 1949, 60-304 [Fourth]), and that she was further barred by laches. The record discloses that after the death of Bertha in 1922 Berdie made no claim to the property involved until she filed a motion in the will case July 16, 1952, a period of thirty years.

Plaintiff Berdie is seeking the aid of a court of equity to establish her title. Courts of equity will regard with disfavor a long passage of time in asserting claims, apart from any particular statute of limitations. The doctrine of laches is designed to bar stale claims. (*Degenhardt, Administrator, v. Degenhardt,* 183 Kan. 260, 326 P. 2d 288.) Defendant James had been in possession of the property for more than fifteen years, paying taxes thereon, and it may be assumed he made repairs and did many other things during those years, while Berdie was content to sleep on her alleged rights. The record discloses no excuse for the thirty-year delay between the death of Berdie's alleged mother and the assertion of Berdie's right to the property, even if she were an heir.

Other matters discussed in the briefs have been duly considered; however, in view of what has been said, they need not be treated herein.

The judgment of the trial court is affirmed.

It is so ordered.